INHABITANTS OF MARBLEHEAD *v.* COUNTY COMMISSIONERS OF ESSEX.

County commissioners have no jurisdiction to locate a highway upon a beach which forms one side of a harbor, and which, though not within the ebb and flow of ordinary tides, unaided by storm or wind, is almost invariably covered by spring tides, and part of which is often useful to vessels drifting from their anchorage in the harbor. And a writ of *certiorari* will be granted to quash such a location, if it would probably, though not necessarily, injure the harbor for the purpose of navigation, or interfere with public measures for its protection and improvement.

SHAW, C. J. This is a petition for a writ of *certiorari*, to be directed to the county commissioners of this county, setting out the laying out of a public highway in Marblehead, and praying that the proceedings of the commissioners may be certified to this court, to the end that they may be quashed, annulled and reversed, for various errors and irregularities therein, as set forth in the petition.

The principal ground alleged and relied on is, that the said highway was, to a considerable extent, laid out over navigable water within the ebb and flow of the sea in Marblehead Harbor, over which the county commissioners had no jurisdiction to lay out such a highway. The case was by order of this court, by consent of the parties, referred to Stephen B. Ives, Jr., Esq., a counsellor of this court, as a commissioner to take a view and make a survey, and to hear evidence and report the facts for the consideration of the court.

The report of the commissioner, with his survey and plan, are before us, and present a full and accurate statement of the case. The laying out in question was of a highway over River Head Beach, so called, in the town of Marblehead, being a road along a beach connecting the easterly side of Marblehead proper with Marblehead Neck, so called; forming respectively two sides of Marblehead Harbor, which is carefully described.

It appears by the report that the location of said road is for a part of the distance below high water mark, although by no means within the ebb and flow of every ordinary tide, unaided by storm or wind. Spring tides, especially if accompanied by

a high wind or an easterly storm, will almost invariably flow some part of the beach covered by said location. It further appears from the report, that the part of the beach, thus covered by the tides, is often useful to vessels drifting from their anchorage in the harbor, and therefore a valuable part of the navigable water of the harbor. The highway being thus laid out to a considerable extent over the navigable water of the sea, the court are of opinion, that it was not within the jurisdiction of the county commissioners.

No person or corporation has authority to lay a way or bridge over navigable water, in this Commonwealth, without authority for that purpose, from the legislature. It is the exclusive domain of the public, and no right can be acquired over it by prescription. *Arundel* v. *M' Culloch*, 10 Mass. 70. County commissioners have no authority, under their general jurisdiction, to lay out a highway over navigable waters, without a special authority from the legislature. *Commonwealth* v. *Coombs*, 2 Mass. 492. *Commonwealth* v. *Charlestown*, 1 Pick. 180. *Charlestown* v. *County Commissioners*, 3 Met. 202. Such an authority cannot be exercised by towns, under their general authority to lay out town ways. *Kean* v. *Stetson*, 5 Pick. 492. The exclusive jurisdiction of the legislature was fully considered in the recent case, already cited, of *Charlestown* v. *County Commissioners*, 3 Met. 202.

2. It appears by the resolve of the legislature of May 1853, (Resolves of 1853, *c.* 72,) authorizing the appointment of a commissioner of competent science and skill to examine River Head Beach in Marblehead harbor, and the public works thereon, that the government have recognized the rights and duties of the public in and over this beach, as part of the public domain. We have not read the report of said commissioner, although annexed to the report of this case. But we do not regard it of so much importance to know what the government have done or propose to do, as to show that the public have not only a theoretic right and interest in this beach, but that it is recognized and practically acted on by the public authorities.

3. The only remaining question stated at the argument is,

whether on this petition, in the exercise of their discretionary power, the court will not refuse to interfere and set aside the proceedings, although they may be in some respects irregular and illegal. Undoubtedly the application to the court for a *certiorari* is an application to the discretion of the court, and therefore, to some extent, its exercise will be governed by equitable considerations in determining whether a writ of *certiorari* shall issue, although, when granted and the proceedings are returned, the question is, whether they are legal or erroneous.

But, in the present case, all the considerations of equity and expediency, so far as they appear to us, are opposed to laying out the highway at the place and in the manner proposed. It is not shown that it would necessarily injure the harbor for the purposes of navigation, and interfere with the public measures for its protection and improvement; but we think it highly probable, from the facts reported, that it would be attended with these consequences, and therefore, if the proceedings are erroneous they ought to be so declared, and reversed. And therefore, for the reasons already given, that the laying out of this road was not within the jurisdiction of the county commissioners, we are of opinion, that the writ of *certiorari* ought to be granted, that their doings may be reversed. *Writ of certiorari to issue*

*O. P. Lord & S. C. Bancroft,* for the petitioners.
*W. D. Northend,* for the respondents.