THE KEOKUK AND HAMILTON BRIDGE COMPANY

*v.*

THE PEOPLE OF THE STATE OF ILLINOIS.

|176   267|
|197   ²204|

*Opinion filed October 24, 1898—Rehearing denied December 20, 1898.*

1. TAXES—*bridge and approach thereto need not be separately assessed.* The fact that an approach to a bridge is worth less per lineal foot than the bridge proper does not require that the bridge and the approach be separately assessed, the only feasible way being to assess them in gross, as constituting one continuous structure.

2. BOUNDARIES—*boundary between Illinois and Iowa is in the middle of the main navigable channel of the Mississippi.* The legal boundary line between Illinois and Iowa is in the middle of the main channel of the Mississippi river. (*Keokuk and Hamilton Bridge Co.* v. *People,* 145 Ill. 596, and 167 id. 15, followed.)

APPEAL from the County Court of Hancock county; the Hon. DAVID E. MACK, Judge, presiding.

G. EDMUNDS, for appellant.

STERLING P. LEMMON, State's Attorney, (SHARP & BERRY BROS., and FRANK HALBOWER, of counsel,) for the People.

Mr. JUSTICE WILKIN delivered the opinion of the court:

This is an application by the county collector of Hancock county for judgment against the property of the appellant for delinquent taxes for the years 1895 and 1896. At the June terms in 1896 and 1897 of the county court application was made for judgment for the taxes of the preceding year, and the cases were continued from time to time until August, 1897, when both were heard as one case, upon the same evidence. A part of appellant's objections were sustained, but the People had judgment for a part of the taxes. Exceptions were duly taken, and as the case comes to us three questions are presented, viz.: First, can the bridge proper and the east approach be legally assessed together; second, is the assessment fraud-

ulent; third, is any part of the 1567 feet assessed, in the State of Iowa.

The approach to the bridge is an earth bank riprap-ped, and if valued separately is worth considerably less per lineal foot than the bridge proper. But this fact would not necessarily compel the assessment of the bridge and approach separately. They are contiguous, and vir-tually parts of the same structure. The assessment is not made by the lineal foot—it is in gross. We cannot see in what respect it could be material to appellant whether the two are assessed together or separately. It is hard to conceive of the value of the bridge entirely disconnected from the approach, or of the value of the approach with-out the bridge. The values of the two are so closely inter-woven and dependent upon each other that to assess them together is the only feasible way to value them at all.

The second question, whether the assessment is fraud-ulent, has been considered by us several times heretofore in suits between the same parties. A full discussion of the law on this branch of the case will be found in the opinion in *Keokuk and Hamilton Bridge Co.* v. *People*, 161 Ill. 514. From an examination of the evidence in this record, even though it were conceded that an over-valuation ap-pears, we do not find that it can be said to be so exces-sive as to warrant us in finding the assessment was not honestly made, and known to be excessive.

Another point brought to our attention under this head is, that the trial court refused to compel the assessor, when on the witness stand, to testify at what ratio to its fair cash value he had assessed all other property in his town. The witness declined to answer, on the ground that the answer might tend to criminate him. The stat-ute requires all such property to be assessed at its fair cash value. To show it was valued at less might be one link in the chain of evidence against him for a failure to do his official duty, on a prosecution under paragraph 289 of the Revenue law. (3 Starr & Curtis, p. 3518.) Even if

error was committed in refusing to compel an answer, it was not sufficiently material to justify a reversal of the judgment below.

The third question presents two questions—one of law and one of fact. On the proposition of law,—*i. e.*, the legal boundary line between this State and Iowa,—we are bound by the rule of *stare decisis.* We have several times held, between these same parties, that the line is the middle of the main navigable channel of the river. In every instance when the question has been before this court and directly in issue, the holding has been uniformly to that effect. In that view of the law we are sustained by the Supreme Court of the United States. (*Iowa* v. *Illinois*, 147 U. S. 1.) The reasons for our conclusion have been already fully stated, and a repetition now could make the holding no clearer. (*Keokuk and Hamilton Bridge Co.* v. *People*, 145 Ill. 596; 167 id. 15.) On the question of fact,—*i. e.*, does any part of the 1567 feet of bridge assessed extend beyond the State line,—the differences between counsel and witnesses on the respective sides of this issue arise principally out of the fact that on the one hand the center of the stream is assumed to be the State line, while on the other the center of the navigable channel is accepted as the true line. It being settled as a question of law that the latter construction is correct, we think there can be no reasonable question but that the clear preponderance of the evidence is that the dividing line between the two States is at least as far west as the assessor in this assessment fixed it. The evidence is substantially the same as it was in the last case before us between the same parties, reported in 167 Ill. 15, and we see no reason for changing the conclusion there reached.

The judgment of the county court will be affirmed.

*Judgment affirmed.*