## The Standard Oil Company

*v.*

### John J. Magee *et al.*

*Opinion filed June 19, 1901.*

Taxes—*when equity has no jurisdiction to enjoin tax.* Equity has no jurisdiction to enjoin a tax upon the ground that the board of assessors, without notice to complainant, fraudulently and wrongfully raised the amount of his assessment, and that the board of review refused to grant him a hearing although he filed a written protest against the fraudulent assessment, since it was complainant's duty to pursue his remedy by *mandamus* to compel the board of review to grant him a hearing.

Writ of Error to the Circuit Court of Cook county; the Hon. Murray F. Tuley, Judge, presiding.

ALFRED D. EDDY, for plaintiff in error.

JULIUS A. JOHNSON, County Attorney, and FRANK L. SHEPARD, Assistant County Attorney, for defendants in error.

Mr. CHIEF JUSTICE WILKIN delivered the opinion of the court:

This is a proceeding by bill in equity, begun in February, 1900, by the Standard Oil Company, plaintiff in error here, in the circuit court of Cook county, to enjoin the collection of certain taxes assessed against its personal property situated at Ninety-fifth street and Marquette avenue, in the city of Chicago. The bill alleges that in April, 1899, the complainant filed with the board of tax assessors a correct schedule of its property located at that place, amounting to $1401.63; that the board of assessors ignored the schedule, and without giving notice to the complainant fraudulently and wrongfully assessed it in the sum of $30,000 full value on "merchandise" and $20,000 full value on "all other property not enumerated;" that, upon learning of the raising of this assessment, complainant caused to be filed with the board of review a written protest against the fraudulent and unlawful assessment, but the board refused to grant complainant a hearing and arbitrarily and fraudulently confirmed the assessment, and that the collector of taxes is now threatening to enforce payment of the unlawful taxes so levied. The collector of the town of Hyde Park and the county treasurer of Cook county are made parties defendant to the bill. The prayer is that the unlawful assessment be set aside and that the collector and county treasurer be restrained from enforcing payment of the taxes. To this bill defendants filed a demurrer, which was sustained by the court. The cause is brought here by writ of error.

The theory of the bill is, that the action of the board of assessors in raising the assessment was unjust and

fraudulent. The matter was presented before the board of review for their consideration, but complainant was refused a hearing. The question for decision here is whether the complainant, under these circumstances, can have relief in equity against an assessment which is alleged to have been fraudulently made. A court of equity has no jurisdiction of this case as presented by the bill. The board of review is the tribunal to whom all such complaints should be made. If that board refuses to grant a hearing the law will compel it to perform its duty in that respect upon proper application, by writ of *mandamus.* Upon being refused a hearing before the board of review complainant did not pursue a remedy which the law affords and which is intended to be adequate for the relief of the tax-payer. As is said in the case of *New Haven Clock Co.* v. *Kochersperger,* 175 Ill. 383 (on p. 394): "Fraud is a familiar ground of equity jurisdiction, and if an assessment is fraudulent, equity should relieve against it where the tax-payer has been diligent in seeking the remedy which the statute affords. In matters of revenue it is important that all questions should be speedily settled, and the tax-payer should first seek the remedy given by the statute, which it is presumed will be sufficient. If he fails to do so it is his own neglect or folly. The remedy against fraud is of an equitable nature, and should be applied where the injured party has been diligent for his own protection, but we think it should be withheld in a case of this kind, where the party has failed to insist upon a legal right which probably would have given full relief." See *White* v. *Raymond,* 188 Ill. 298, and cases cited; also *Coxe Bros. & Co.* v. *Salomon,* id. 571.

It appearing that complainant has failed to pursue a remedy which the law affords, the demurrer to the bill was properly sustained, and the order of the circuit court will accordingly be affirmed.      *Order affirmed.*