(No. 12498.—Reversed and remanded.)

THE PEOPLE *ex rel.* John H. McCallister, County Collector, Appellee, *vs.* THE KEOKUK AND HAMILTON BRIDGE COMPANY, Appellant.

*Opinion filed February 20, 1919—Rehearing denied April 3, 1919.*

1. TAXES—*objection stating legal ground of defense cannot be stricken on motion.* A motion to strike objections from the files is in the nature of a demurrer and necessarily admits every fact alleged in the objections and the legal conclusions arising therefrom, and they can be stricken from the files only in a case where no legal objection is stated and where no proof of the facts alleged would constitute a defense to the application nor justify a refusal of judgment.

2. SAME—*the fact that property is mortgaged for more than its worth does not exempt mortgagor.* Proof that a bridge company is indebted and has issued mortgage bonds which are in arrears and exceed the value of its property does not make the bondholders the owners of the property nor exempt the property from taxation in the name of the bridge company.

3. SAME—*when railroad bridge is not to be assessed as railroad track.* In a proceeding for judgment for taxes, where a bridge company owning a bridge which is used by various railroads makes no allegation in its objections that the bridge is a part of any railroad or railroad system which it owns, the bridge is not a railroad and the property is not to be assessed by the State Board of Equalization as railroad track but is to be assessed by the local assessor as real estate.

4. SAME—*property used in inter-State commerce is not exempt from taxation.* The fact that property is used in inter-State commerce does not exempt it from taxation, as inter-State commerce is not taxed by taxing property devoted to such use.

5. SAME—*fact that railroads are controlled by Federal government is no defense against payment of local taxes.* The fact that by the act of Congress of March 21, 1918, and the President's proclamation thereunder, railroads have been taken charge of by the United States and are being operated and controlled by the government is not a defense against the payment of local taxes on the property, and any question of taxation can only arise between the Federal government and the State.

6. SAME—*what objection should not be stricken from files.* On an application for judgment for taxes, an objection that the property is assessed its full market value while other property is as-

sessed at about forty per cent of its value is an objection which the property owner has a right to prove, and any matter of defense, such as neglect of other remedies, estoppel or *res judicata,* must be shown in answer to the objection and is no ground for striking the objection from the files.

7. SAME—*courts will relieve against willful violation of constitutional rule of uniformity.* Where an assessment against the property of a bridge company shows a very great disparity and discrimination as compared with the assessment of all other property, which could not reasonably have arisen from an error of judgment, the courts will give relief against the violation of the constitutional rule of uniformity of taxation.

8. SAME—*the court cannot take judicial notice of alleged facts on motion to strike objections to taxes.* The doctrine of judicial notice is a branch of the law of evidence, and authorizes the court, whenever a fact is material, to take judicial notice of the fact, but it must be presented to the court in some way, and is not raised by demurrer or motion to strike from the files an objection to taxes on the collector's application for judgment.

APPEAL from the County Court of Hancock county; the Hon. ELI W. DUNHAM, Judge, presiding.

F. T. HUGHES, and DAVID E. MACK, for appellant.

EARL W. WOOD, State's Attorney, for appellee.

Mr. JUSTICE CARTWRIGHT delivered the opinion of the court:

The county collector of Hancock county applied to the county court for a judgment against a strip of land eight feet wide, described as commencing at a stated point and continuing along the center line of the bridge of the appellant, the Keokuk and Hamilton Bridge Company, 1567 feet to the State line between this State and Iowa, including the slopes, walls and embankments, for $3469.87 delinquent taxes of the year 1917 and for an order of sale to satisfy the same. The appellant filed numerous objections to the application, which in substance were:

(1) That the Keokuk and Hamilton Bondholders' Company, a corporation, owned mortgage bonds of the

appellant which were long since in arrears and far exceeded the value of the property, and therefore the bondholders' company was the real owner of the bridge property.

(2) That the appellant was a railroad company and its property was a railroad, which could only be assessed by the State Board of Equalization.

(3) That the bridge formed a link in connection with various railroads, making a complete line of railroad from points in this State to points and connections with other railroads in the State of Iowa and was used in inter-State commerce, and if sold for taxes the means of inter-State commerce would be interfered with and destroyed.

(4) That the United States, as a war measure, had taken charge of the property and was operating it, and a proceeding to sell the bridge would deprive the United States of such control and deprive the United States and appellant of property without due process of law.

(5) That the property was arbitrarily, knowingly and fraudulently assessed at its full market or cash value while all other property was assessed by a rule and long custom at about forty per cent of its cash value and the assessment was approved by the board of review.

The court, on motion of the appellee, struck the objections from the files and rendered judgment and order of sale for the taxes. From that judgment and order this appeal was prosecuted.

A motion to strike objections from the files is in the nature of a demurrer and necessarily admits every fact alleged in the objections and the legal conclusions arising therefrom, and they can be stricken from the files only in a case where no legal objection is stated and where no proof of the facts alleged would constitute a defense to the application nor justify a refusal of judgment. If any objection states a legal ground of defense it is error for the court to strike it from the files and refuse to the taxpayer a hearing and an opportunity to prove the fact al-

leged.   Proof that the appellant was indebted and had issued mortgage bonds which were in arrears and exceeded the value of the property and were held by a bondholders' company did not make the bondholders owners of the property or exempt the property from taxation in the name of the appellant.

The objections stated that the appellant was a corporation formed by a consolidation of the Hancock County Bridge Company, a corporation of this State, and an Iowa corporation, and that it constructed the bridge in 1869 under an act of Congress.   The only property it claimed to own was a bridge across the Mississippi river between the cities of Hamilton and Keokuk, which was used by various railroad companies operating railroads extending eastward and westward from the bridge, and there was no allegation that the bridge was a part of any railroad or railroad system owned by the appellant.   The bridge therefore was not a railroad and was lawfully assessed by the local assessor as real estate and was not to be assessed by the State Board of Equalization as railroad track.

The fact that property is used in inter-State commerce does not exempt it from taxation.   Inter-State commerce is not taxed by taxing property devoted to such a use.   *Keokuk and Hamilton Bridge Co.* v. *Illinois*, 175 U. S. 626.

The fact that by the act of Congress of March 21, 1918, and the President's proclamation under the same, railroads have been taken charge of by the United States and are being operated and controlled by the government is not a defense against the payment of local taxes on the property.   Whether or not that act applies to the appellant's bridge, which is not a railroad, any question of taxation could only arise, in any event, between the Federal government and the State.

There was a legal objection to the amount of the tax, which the appellant had a right to prove, and the court erred in striking it from the files.   That objection was that

the property was arbitrarily, knowingly and fraudulently assessed at its full market or cash value while all other property was arbitrarily and knowingly assessed at about forty per cent of such value in accordance with an established rule and long custom for assessing property. Section 1 of article 9 of the constitution requires taxation of property in proportion to value and authorizes the General Assembly to provide such revenue as may be needful by levying a tax by valuation, so that every person and corporation shall pay a tax in proportion to the value of his, her or its property. Such value is to be ascertained by some person or persons to be elected or appointed in such manner as the General Assembly shall direct, and any error in the exercise of honest judgment will not invalidate a tax, but an arbitrary, known and intentional violation of the rule of uniformity is an invasion of constitutional right and will not be tolerated. It is sufficient for an objector to show such willful and intentional violation of the constitutional provision, and where an assessment shows a very great disparity and discrimination, which could not reasonably have arisen from an error of judgment, the courts will give relief. (*Raymond* v. *Chicago Union Traction Co.* 207 U. S. 20.) The objection showed such alleged disparity and discrimination between the full cash value of appellant's property and the valuation of forty per cent of such cash value of all other property, and the appellant had a right to prove the objection. If the appellant had failed to avail itself of any lawful opportunity to obtain relief against the assessment it was a matter for defense and proof and did not justify striking the objection from the files. If there was a defense of *res judicata* or estoppel or any other alleged defense it was to be shown in answer to the objection and afforded no reason for striking the objection from the files. It seems to be assumed that the court, in striking the objection from the files, took judicial notice of some alleged facts, but the doctrine of judicial notice is

a branch of the law of evidence, and authorizes the court, whenever a fact is material, to take judicial notice of the fact, but it must be presented to the court in some way and not by demurrer or motion to strike.

The judgment of the county court is reversed and the cause remanded.

*Reversed and remanded.*