(No. 13566.—Judgment affirmed.)

THE PEOPLE *ex rel.* John H. McCallister, County Collector, Appellee, *vs.* THE KEOKUK AND HAMILTON BRIDGE COMPANY, Appellant.

*Opinion filed December 21, 1920.*

1. TAXES—*description by monument prevails over description by feet.* If an application for judgment and order of sale for delinquent taxes assessed against a bridge describes the portion of the bridge assessed by a fixed monument as well as by a specific distance in feet, the call for the distance in feet must give way to the call of the monument if the two disagree, whether the latter includes more or less than the former.

2. SAME—*course and distance must give way to monuments called for.* In the description of property against which a judgment for delinquent taxes is sought, course and distance must give way to monuments which are called for, and an inconsistent reference to course may be rejected.

3. SAME—*requirement of statute that assessor shall state length of bridge is directory.* The requirement of the statute (Hurd's Stat. 1917, par. 354, p. 2497,) that in assessing a bridge over a navigable stream forming the boundary line between Illinois and another State the assessor shall state the length of the bridge and approaches in feet is directory, and a failure in that respect is not fatal if the description given is sufficient to enable a competent surveyor to locate the property assessed; and hence a description by reference to the structure itself, without stating length or width, may be sufficiently definite.

4. SAME—*objector must prove claim that property is fraudulently over-valued.* A bridge company objecting to a judgment for taxes against the portion of its bridge in Illinois on the ground that it has been fraudulently over-valued must prove its claim, and proof of the cost of construction of the whole bridge and specific parts thereof is not sufficient, where there is no evidence as to what proportion of the bridge is in Illinois nor any basis in the evidence for a division of the cost.

5. SAME—*court will not take judicial notice of what portion of particular bridge is in Illinois.* The fact that a particular bridge has been involved in previous tax litigation decided by the Supreme Court does not authorize the Supreme Court to take judicial notice, from its opinions in the other litigation, of what portion of the bridge is in Illinois or other facts in connection with the situation of the bridge, but such matters, if determined in those cases, must be shown in the trial court by the record of the judgments determining such questions.

APPEAL from the County Court of Hancock county; the Hon. FRED G. WOLFE, Judge, presiding.

F. T. HUGHES, and D. E. MACK, for appellant.

EARL W. WOOD, State's Attorney, for appellee.

Mr. JUSTICE DUNN delivered the opinion of the court:

The county collector of Hancock county applied for judgment against the property of the Keokuk and Hamilton Bridge Company for the taxes of 1917. The application described the property against which judgment was sought as follows: "All of the land of the Keokuk and Hamilton Bridge Co. situated in Hancock county, Illinois, and lying and being in and on Island No. 4, in the Sw. Qr. of Sec. (30) thirty, in Twp. five (5), north, range eight (8), west, in said county and extending into the Mississippi river to the State line between the State of Illinois and Iowa, and more particularly described as follows, to-wit: A strip of land eight (8) feet wide, more or less, the center line of said strip of land commencing at a point in the center of the Railroad avenue in a plat of ground known as the Keokuk and Hamilton Ferry and Manufacturing Co.'s add. to the city of Hamilton, in said county, 707¾ ft. south 70 degrees 41 minutes east of center of the east end of said bridge, thence continuing the same course along the center line of said bridge 1567 feet to the State line between the State of Illinois and Iowa, including

the slopes, walls and embankments." The bridge company filed objections to the application, which were stricken from the files on motion of the People. On appeal the judgment was reversed and the cause remanded. (287 Ill. 246.) It was held that the court erred in striking from the files the objection that the property was fraudulently assessed at its full market or cash value while all other property was assessed by a rule and long custom at about forty per cent of its cash value. A hearing of the objections in the county court after the remandment resulted in a judgment overruling the objections and ordering a sale of the property, from which the objector has appealed.

When the cause was re-instated the appellant by leave of court re-filed all its objections and asked for leave to make an amendment to them, denying that there were 1567 feet of the bridge between its east end and the line between the States of Illinois and Iowa. The motion was denied and its denial is assigned as error. The motion was properly denied. The collector's application described the appellant's property as a strip of land the center line of which began at a point fixed by course and distance east from the center of the east end of the bridge and extending along the center line of the bridge 1567 feet to the State line, including the slopes, walls and embankments. The bridge and its approach, with the slopes, walls and embankments, constituted a fixed and permanent monument. Whether or not the part of the bridge within the State extended 1567 feet from the east end of the bridge or more or less, the description covered whatever distance it did extend, no more and no less. The call for the distance of 1567 feet must give way to the call of the monument if the two disagree, whether the latter includes more or less than the former. The application is for judgment against the bridge and approach east of the State line, whatever may be the length of the bridge.

· It is insisted that the description does not include any part of the bridge or approach but is void. From the starting point, which is fixed at 707¾ feet south 70 degrees 41 minutes east of the center of the east end of the bridge, the description describes the center line as "continuing the same course along the center line of said bridge 1567 feet to the State line between the State of Illinois and Iowa, including the slopes, walls and embankments." If the course called for is controlling, this description applies to a tract of land lying east of the point of beginning instead of west, and could not include the bridge or the approach. But the rule is that course and distance must give way to monuments which are called for. The State line is a fixed line, being the center of the main navigable channel of the river. (*Keokuk and Hamilton Bridge Co.* v. *People*, 145 Ill. 596; *Same* v. *Same*, 167 id. 15.) The words "continuing the same course" must therefore be rejected, and the description will then read, "thence along the center line of said bridge 1567 feet to the State line between the States of Illinois and Iowa," which includes the appellant's bridge. *Stevens* v. *Wait*, 112 Ill. 544.

The statute provides that in assessing bridges across any navigable streams forming the boundary line between this State and any other State the assessor shall give in his description the quarter section, township and range in which any bridge is located or terminates in this State, together with the metes and bounds of the ground occupied by such bridge and the approaches thereto from the end on the Illinois shore to the center of the main channel of the stream crossed by the same. (Hurd's Stat. 1917, par. 354, p. 2497.) Under this section of the statute it was the duty of the assessor to state the length of the bridge and approach assessed. (*Keokuk and Hamilton Bridge Co.* v. *People*, 145 Ill. 596.) This provision of the statute, however, is directory, and a failure to follow it would not result in inability to collect the tax, provided the description is such

as would enable a competent surveyor to locate the property. (*People* v. *Chicago, Burlington and Quincy Railroad Co.* 256 Ill. 353.) The description by reference to the structures themselves is sufficient for this purpose without any reference to the length or width of the tract. The starting point is definitely fixed, the center line is definitely fixed, and so is the terminus. The width is ascertained by reference to the slopes, walls and embankments, so that the description was sufficient to locate the property. The delinquent list shows that judgment is asked against all the bridge within the State of Illinois. The objection did not state that property outside the State was assessed, and therefore did not state any valid defense to the application.

In an effort to show that its property had been fraudulently over-valued for assessment the appellant introduced evidence that the assessment of farm property in Montebello township, where its bridge is situated, and in other townships of Hancock county, was from forty to sixty per cent of its actual value, and some evidence of a custom of long standing to assess property generally much below its real value and at varying rates, dependent upon the kind of property assessed. The delinquent list made a *prima facie* case for the collector. In order to sustain its objections it was necessary for the appellant to prove that its property was assessed at a higher rate than other property. This it failed to do. The evidence introduced showed that the bridge was reconstructed in 1916 at a cost of $451,192, from First street in Keokuk, in the State of Iowa, to the terminus of the bridge on Island No. 4, in the State of Illinois. There is no evidence as to what proportion of the bridge is in the State of Illinois. There is no evidence as to the comparative expense of construction of the Illinois part of the bridge and the Iowa part of the bridge. There is no basis in the evidence for making a division of the cost of construction between the parts in the two States. For all that appears in the record, nine-tenths of the value

of the bridge should be assessed in Illinois. The appellant insists that the full value of the bridge in Illinois and its approach is $142,047.60. The items constituting this valuation are, 860 feet of bridge, $88,287.60; the east abutment, $24,760; $2000 for the embankment, and $27,000 for the approach to the upper level. This valuation is reached by assuming the length of the bridge in Illinois to be 860 feet, but no evidence was introduced that this was so. If the value of the bridge is taken to be $451,192, (the cost of reconstruction,) it is impossible to determine from this record what proportion of this amount should be assessed in the State of Illinois, and as it was necessary for the appellant to prove this amount in order to sustain the objections, the court properly overruled them.

Counsel for the appellant seem to expect us to take judicial notice of the length of the bridge in Illinois and other facts in connection with the situation of the property, and refer us to the opinions in cases which have been brought to this court involving the taxation of the bridge in previous years. If any questions were adjudicated in those cases between the parties which would be available in this proceeding, it cannot be shown by the opinions of this court but must be shown in the trial court by the record of the judgment in which the question was determined.

Other questions are argued by counsel for the appellant, but they are not open to consideration now. It was decided on a former appeal that the objection that the appellant was a railroad company and its property was a railroad, which could only be assessed by the board of equalization, and the other objections which were presented, were not valid objections, and that decision is binding on this appeal.

The judgment will be affirmed.    *Judgment affirmed.*