## KEOKUK & HAMILTON BRIDGE COMPANY *v.* SALM ET AL.

### APPEAL FROM THE DISTRICT COURT OF THE UNITED STATES FOR THE SOUTHERN DISTRICT OF ILLINOIS.

No. 130.　Argued January 27, 1922.—Decided February 27, 1922.

1. A bridge owned by a bridge company and used for railroad purposes is assessable in Illinois as real estate by the assessor of the county in which it lies and not by the State Board of Equalization as a railroad. P. 123.

2. A bill in the District Court to enjoin enforcement of a state tax on real property, as based on a discriminatory overvaluation, which fails to show that the plaintiff availed himself of presumably adequate legal remedies afforded by the state law, or, the amount being the only matter in dispute, that he paid or tendered the amount confessedly due, and which does not offer to pay such amount as the court may find to be equitably due, should be dismissed for want of equity. P. 124.

Affirmed.

APPEAL from a decree of the District Court dismissing the bill, for want of equity, in a suit brought by the ap-

pellant to restrain the appellees, county officials, from collecting a tax on the appellant's bridge, alleged to discriminate, in violation of the Fourteenth Amendment.

*Mr. F. T. Hughes* for appellant.

*Mr. Lee Siebenborn* and *Mr. Clifton J. O'Hara,* with whom *Mr. Earl W. Wood* was on the briefs, for appellees.

MR. JUSTICE BRANDEIS delivered the opinion of the court.

The Keokuk & Hamilton Bridge Company, an Illinois corporation, owns a bridge across the Mississippi River. That part of it which lies within the State of Illinois was assessed by the county assessors for purposes of taxation as real estate and was valued at $100,000. To prevent collection of the tax the company brought, in the federal court for Southern Illinois, this suit for an injunction against the county treasurer and other state officials. It is claimed that the tax is void; first, because the bridge is a railroad and as such is assessable only by the State Board of Equalization; secondly, because the property was deliberately assessed at one hundred and fifty per cent. of its actual value, whereas the property of other corporations and individuals was assessed at only forty per cent. of its value; and that, thus, the company is deprived of property without due process of law and is denied equal protection of the laws in violation of the Fourteenth Amendment. A motion to dismiss was sustained by the District Court on the ground that the complainant has a plain, adequate and complete remedy at law. The case comes here on appeal under § 238 of the Judicial Code because of the constitutional question raised. That such property is assessable by the county officials as real estate and not by the State Board of Equalization as a railroad was settled by *People* v.

*Keokuk & Hamilton Bridge Co.,* 287 Ill. 246; 295 Ill. 176, 181.[1] Whether the bill sets forth a case for equitable relief is the only question requiring consideration.

Since the appellant asserted a claim arising under the Federal Constitution, the District Court had jurisdiction although there was no diversity of citizenship. Discrimination in taxation effected by systematic inequality of assessment may violate the Fourteenth Amendment. *Greene* v. *Louisville & Interurban R. R. Co.,* 244 U. S. 499, 502. But the bill failed to show that plaintiff was being deprived of property without due process of law or was being denied equal protection of the laws or that there was any danger that it would be. Compare *Wells, Fargo & Co.* v. *Nevada,* 248 U. S. 165, 168. The law of Illinois affords ample opportunity to question the amount and the validity of an assessment both before administrative tribunals and in its courts.

The provisions relating to the assessment and taxation of real estate apply to the assessment and taxation of bridge structures like that of the appellant. Hurd's Revised Statutes of Illinois, 1919, c. 120, § 354. Every such assessment made by the county assessors is subject to revision by them. §§ 319, 320. Moreover, upon complaint in writing that an assessment is incorrect, a board of review is required to give a hearing, and to correct the assessment " as shall appear to be just." § 329; *Standard Oil Co.* v. *Magee,* 191 Ill. 84. Payment of taxes as finally assessed and extended against real estate is enforced, in the first instance, not by distraint or levy, but by legal proceedings. §§ 185–193. An application is made by the collector to the county court for judgment against the property. Compare *Keokuk & Hamilton Bridge Co.* v. *People,* 145 Ill. 596; 161 Ill. 514; 167 Ill. 15; 176 Ill. 267.

---

[1] That so much of the bridge as lies within the State of Illinois is taxable there, although used in interstate commerce, was held in *Keokuk & Hamilton Bridge Co.* v. *Illinois,* 175 U. S. 626.

The proceeding in the county court is a civil suit for the collection of a debt. *People* v. *St. Louis Merchants Bridge Co.,* 282 Ill. 408. The owner may appear and defend on any legal ground; among others, that the assessment was deliberately or fraudulently discriminatory and that, hence, the tax is void. *People* v. *Keokuk & Hamilton Bridge Co.,* 287 Ill. 246; 295 Ill. 176. From the judgment of the county court an appeal may be taken to the Supreme Court of the State upon giving a bond to pay the amount of the assessment and costs; and the appeal will operate as a supersedeas if the appellant deposits with the county collector an amount of money equal to the amount of the judgment and costs. If upon final hearing judgment for sale of the lands for taxes is refused, the deposit is returned by the collector to the appellant. § 192. Moreover, where it is claimed that a tax is void because of overvaluation which is fraudulently discriminatory, the courts of the State will grant relief in equity, if the plaintiff has sought correction from the board of review and failed to secure redress. *Sanitary District* v. *Young,* 285 Ill. 351, 367. Here the alleged invalidity consists wholly in discriminatory overvaluation; and, so far as appears, appellant did not even apply to the board of review to correct the assessment. There is thus no basis for the contention that resort to a suit such as this was necessary to prevent, either a sale for an illegal tax creating a cloud upon title, or multiplicity of suits to recover back the tax, or other irreparable injury. See *Singer Sewing Machine Co.* v. *Benedict,* 229 U. S. 481; *Ohio Tax Cases,* 232 U. S. 567, 587; *Farncomb* v. *Denver,* 252 U. S. 7.

The bill fails, also for another reason, to state a case entitling plaintiff to relief. Before the suit was begun it had been decided that the taxing statute was valid, that the property was subject to taxation, that it was assessable as real estate, and that the assessment should be made, as

was done, by the county assessor and not by the State
Board of Equalization. The amount of the tax payable
was, therefore, the only matter in controversy. Under
such circumstances a plaintiff seeking an injunction must
aver payment or tender of the amount of taxes con-
fessedly due, or at least offer to pay such amount as the
court may find to be justly and equitably due. *People's
National Bank* v. *Marye,* 191 U. S. 272; *Raymond* v. *Chi-
cago Union Traction Co.,* 207 U. S. 20, 38. The bill con-
tains no such allegation.

*Decree affirmed.*