**CONN et al. v. RINGER, Auditor, et al.**

Circuit Court of Appeals, Sixth Circuit.
May 11, 1929.

No. 5119.

John F. Wilson, of Columbus, Ohio (Kerns Wright, of Van Wert, Ohio, and John S. Brumback, of Toledo, Ohio, on the brief), for appellants.

Ray Martin, of Toledo, Ohio (A. T. Stroup, of Van Wert, Ohio, H. O. Bentley, of Lima, Ohio, Marshall, Melhorn, Marlar & Martin, of Toledo, Ohio, and E. C. Turner and Virgil H. Gibbs, both of Columbus, Ohio, on the brief), for appellees.

Before DENISON, HICKS, and HICKENLOOPER, Circuit Judges.

HICKENLOOPER, Circuit Judge. Appellants filed their bill in the District Court to enjoin the levy and collection of Ohio general property taxes upon property in Van Wert county held by them in trust for purely public charity and known as the Marsh Foundation. These taxes covered both real and personal property for the years 1922 and 1923 and real estate only for subsequent years. The ground of alleged federal jurisdiction was the denial to plaintiffs of due process and equal protection of the laws, in violation of the Fourteenth Amendment to the Constitution of the United States, by omitting to tax altogether large amounts of personal property, or taxing it at a much lower percentage of its true value than real estate was taxed. There was no allegation in the bill that plaintiff's real estate was taxed at other than that percentage of its true value which prevailed for real estate generally, but the implication is that the failure to tax personal property, or its taxation at valuations much less in percentage than that applied to real estate, increased the burden upon plaintiff's realty. To this contention we shall refer herein as the claim of discrimination.

In addition, plaintiffs claimed the right to relief on the nonfederal grounds that there was no law in Ohio taxing such public charities, that as an institution of purely public charity the trust property was exempt from taxation under the laws and Constitution of Ohio, and that the assessments of 1922 and 1923 were void as made against "George H. Marsh," a decedent, and "George H. Marsh Estate."

To this bill the defendants answered. The first defense admitted many of the allegations of the bill, but denied the alleged discrimination against plaintiffs. The second defense averred that plaintiffs had not exhausted their administrative remedies by complaint to the auditor and tax commission, or by application for exemption; the third defense pleaded res judicata arising from prior litigation in the state courts; and the fourth defense alleged that plaintiffs were without equity, in that they had not paid or tendered the taxes for the years 1922 and 1923 involved in the prior litigation, and had not tendered that portion of the taxes for subsequent years which would have been due, in the absence of the discrimination alleged.

The matter came on to be heard upon the plaintiffs' motion for a temporary injunction, objections to interrogatories, plaintiffs' motion to the defendants' answer, and, by application of equity rule 29, upon the defendants' second, third, and fourth defenses (relief at law; res judicata; want of equity). This method of hearing prevented any sharp definition of the precise issues to be decided, but after hearing evidence the court found that the plaintiffs were without equity, and that the cause did not really and substantially involve a dispute or controversy properly within the jurisdiction of the court; under section 37 of the Judicial Code (28 USCA § 80) and dismissed the bill.

The first question challenging attention is that of jurisdiction of the federal courts

as such—the existence of a federal question. Final disposition of the case upon the second, third, and fourth defenses, without consideration of nor evidence upon the claim of discrimination, concedes the fact of such discrimination for the purposes of the case at its present stage. Even though the plaintiffs were barred from raising this constitutional question as to the years 1922 and 1923, upon principles of res judicata, the matter of conceded discrimination thereafter in the taxation of real estate would remain. Does this present a real and substantial question under the Constitution of the United States? We are of the opinion that it does. Cummings v. Merchants' National Bank, 101 U. S. 153, 25 L. Ed. 903; Greene v. Louisville & Interurban R. Co., 244 U. S. 499, 516, 37 S. Ct. 673, 61 L. Ed. 1280, Ann. Cas. 1917E, 88; Chicago G. W. Ry. Co. v. Kendall, 266 U. S. 94, 98, 45 S. Ct. 55, 69 L. Ed. 183; Bohler v. Callaway, 267 U. S. 479, 489, 45 S. Ct. 431, 69 L. Ed. 745; Taylor v. L. & N. R. Co., 88 F. 350, 365 (C. C. A. 6); Paxton v. Ohio Fuel Supply Co., 11 F.(2d) 740 (C. C. A. 6); Western Union Telegraph Co. v. Tax Commission (D. C.) 21 F.(2d) 355 (three-judge case, Southern District of Ohio). The federal question must not, of course, be merely colorable and captious, or be set up for the sole purpose of giving federal jurisdiction; but, such jurisdiction having been invoked upon substantial grounds, the court has the power to decide all questions, whether resting upon state or federal law, or, in fact, whether the decision of the federal question be adverse to the plaintiff, or the question be not decided at all. Louisville & N. R. Co. v. Greene, 244 U. S. 522, 527, 37 S. Ct. 683, 61 L. Ed. 1291, Ann. Cas. 1917E, 97; Siler v. L. & N. R. Co., 213 U. S. 175, 191, 29 S. Ct. 451, 53 L. Ed. 753; Vogue Co. v. Vogue Hat Co., 12 F.(2d) 991 (C. C. A. 6).

We turn next to a consideration of the defense of res judicata. The auditor having placed both the real and personal property of the plaintiffs upon the tax duplicate for the years 1922 and 1923, plaintiffs began an action for injunction in the state courts under section 12075 of the General Code of Ohio, which provides: "Common pleas * * * courts may enjoin the illegal levy or collection of taxes and assessments. * * *" This statute conferred power upon the state courts, as courts of general equity jurisdiction, to entertain suits to enjoin "the illegal levy or collection" of taxes without a showing of irreparable injury. In invoking this remedy plaintiffs invoked the general equity jurisdiction of the state court. In that suit the only ground of illegality of the tax which was urged was that the Marsh Foundation, as an institution of purely public charity, was exempt from taxation under the Constitution and laws of Ohio. This litigation was twice carried to the Supreme Court of Ohio (Conn v. Jones, 115 Ohio St. 186, 152 N. E. 897, and Jones, Treas'r, v. Conn et al., 116 Ohio St. 1, 155 N. E. 791), and was ultimately decided adversely to plaintiffs upon the ground that during these years the Foundation was not functioning as an institution of public charity. Immediately upon the latter and final decision of the state court, the present action was filed, setting forth the additional grounds for the claim of illegality, viz. discrimination for these years also, that there was no law taxing public charities, and irregularities in listing such property.

We are of the opinion that this judgment in the state court action operates as a complete bar to the present action, so far as the levies for 1922 and 1923 are concerned. If the cause of action be the same, says Mr. Justice Sutherland with respect to the effect of a prior judgment as res judicata, in Baltimore S. S. Co. v. Phillips, 274 U. S. 316, 319, 47 S. Ct. 600, 602 (71 L. Ed. 1069), "the judgment or decree upon the merits in the first case is an absolute bar to the subsequent action or suit between the same parties or those in privity with them, not only in respect of every matter which was actually offered and received to sustain the demand, but also as to every ground of recovery which might have been presented."

That the causes of action in the two suits are the same we think admits of but slight controversy. Both suits were brought under the authority of section 12075 of the General Code, for, since Cummings v. Merchants' National Bank, supra, this statute has been generally accepted as the justification for injunctive relief upon a showing of illegality only. The relief asked in each action is the same, an injunction, and the ground for relief is fundamentally the same, the inherent illegality of the tax. This is not a situation, where in the second suit the plaintiff seeks different and more limited relief, to which he may be entitled, notwithstanding his failure in a prior suit to obtain other and broader relief. A permanent and unconditional injunction is sought in both, based upon the illegality of the tax. At basis, the causes of action are the same, whether viewed in the aspect of the relief sought or the reason upon which the right to relief is predicated.

The plaintiffs now assert merely additional grounds to sustain the claim of illegality, not a difference in the existence or extent of such illegality. The case of Brown v. Fletcher, 182 F. 963, decided by this court and strongly urged upon us by the plaintiffs, must be classified with those cases in which the causes of action in the two suits were different. Then the estoppel of judgment is effective only as to matters actually in issue or points controverted—not as to points which might have been made, but were not.

The fact that plaintiffs in the present action would be required to pay that part of the tax which might lawfully have been assessed is not the result of any limitation upon the right to an injunction, but is dependent upon a wholly different doctrine of general equity jurisdiction, that he who seeks equity must do equity, and each should bear his legitimate and fair portion of the tax burden.

It was entirely open to plaintiffs in the state courts to urge the illegality of the tax upon all the grounds now asserted. The several bases of contention are not inconsistent, but cumulative reasons for the illegality. That plaintiffs did not adopt this course does not prevent the prior judgment from constituting a bar to all other litigation involving this question of legality, and this bar extends to the claims of discrimination, improper listing, and that there was no law specifically authorizing the tax, all as applied to 1922 and 1923, as well as to the claim of the right to exemption as such.

However, this does not dispose of the question of discrimination in the taxation of real estate for the year of 1924 and thereafter. This infirmity might be waived for 1922 and 1923, or the plaintiffs be estopped from asserting it as to those years, without affecting the right of plaintiffs to assert it as to subsequent years. As to such subsequent years the cause of action is different and distinct, and, the issue of discrimination not having been raised in the former suit, no estoppel would arise in the present case in reference thereto. Cf. Lander v. Mercantile Nat. Bank, 186 U. S. 458, 476, 477, 22 S. Ct. 908, 46 L. Ed. 1247. The case must therefore be remanded for further proceedings, unless the other defenses urged justified the dismissal of the bill.

The defendants place their chief reliance upon the failure of plaintiffs to pay the taxes for 1922 and 1923, and their failure to make tender of that portion which might, without discrimination, have been legally levied. The payment of the taxes for the years 1922 and 1923 may unquestionably be required as a condition precedent to maintenance of the present action, because here coupled in one suit with taxes for subsequent years. Failing such payment the bill should be promptly dismissed, but reasonable time for payment should be allowed. The public nature of the charity makes inequitable a dissipation of its funds for the payment of debts, even taxes, not justly due. Ordinarily, in the exercise of a sound discretion, the court will not thus penalize an institution of purely public charity to the same extent as an individual litigant, in the conservation of whose private estate the public has no direct interest.

As to a tender of that portion of the taxes for 1924 and subsequent years which might legally have been levied (cf. Keokuk & Hamilton Bridge Co. v. Salm, 258 U. S. 122, 126, 42 S. Ct. 207, 66 L. Ed. 496, and Ohio General Code, § 12078), the claim is made that no taxes whatever are payable, and that, if wrong in this, the plaintiffs are unable to determine the amount which should be tendered. An offer is made in the bill to pay "any taxes legally due * * * on ascertainment by the court of the true amounts." The better practice would be for the plaintiffs to make the initial computation of their true burden and to tender the amount so computed; but the necessity of tender being founded upon the obligation of a complainant in equity to do equity, the court may hear evidence of the extent of the alleged discrimination before granting a temporary injunction, fix the amount of the tender to be made, and compel the plaintiffs to perform this their duty under penalty of dismissal of the bill.

That some taxes are assessable upon real estate of the plaintiffs seems beyond question. That portion thereof which is used exclusively for the charitable purpose is properly the subject of exemption; but that realty which is used for income-producing purposes is taxable, notwithstanding the income thus received is used in furtherance of the charitable trust. Rose Institute v. Myers, Treas'r, 92 Ohio St. 252, 110 N. E. 924, L. R. A. 1916D, 1170; State ex rel. v. Hess, Auditor, 113 Ohio St. 52, 148 N. E. 347. Cf. Jones, Treas'r, v. Conn et al., Trustees, 116 Ohio St. 1, 155 N. E. 791. These decisions dispose of the contention that there is no statutory authority for levy as against a purely public charity, and interpret the statutory law of exemption in Ohio, and are binding upon this court. Winchester v. Winchester W. W. Co., 251 U. S. 192, 196, 40 S.

644

Ct. 123, 64 L. Ed. 221; La Tourette v. McMaster, 248 U. S. 465, 469, 39 S. Ct. 160, 63 L. Ed. 362. The question of the right to exemption as to personalty after 1923 (see Myers, Treas., v. Rose Institute, 92 Ohio St. 238, 110 N. E. 929) is not, as we have said, presented by this record.

The only question which remains for decision is whether plaintiffs are now barred from attacking the levies for 1924 and thereafter, because they have not exhausted their administrative remedies by complaint to the auditor and tax commission. We are of the opinion that the case reached its justiciable stage, so far as permitting action under section 12075 of the General Code of Ohio, when the property was listed for taxation upon the duplicate. Cf. Lander v. Mercantile Nat. Bank, 118 F. 785, 791 (C. C. A. 6). There is grave doubt whether under the tax laws of Ohio either the auditor or the tax commission has authority to equalize valuations downward and so avoid the pernicious effect of the alleged discrimination. See discussion in Western Union Telegraph Co. v. Tax Commission (D. C.) 21 F.(2d) 355. Otherwise expressed, the powers of the tax commission would seem limited to relief against assessments in excess of the true value in money only. Such was the nature of the complaint in Hammond, Treas., v. Winder, Receiver, 112 Ohio St. 158, 147 N. E. 94. Nor could plaintiffs effectually eliminate the discrimination by securing an increase of valuation in the under-valued property. This has been referred to as a public rather than a private remedy. Greene v. L. & I. R. Co., supra, 244 U. S. at page 521 (37 S. Ct. 673); Paxton v. Ohio Fuel Supply Co., supra, 11 F.(2d) at page 742. As regards discriminatory valuations, the possibility of relief in administrative tribunals is at best doubtful. "If the remedy by law is doubtful, equitable relief may be had." Bohler v. Callaway, 267 U. S. 479, 488, 45 S. Ct. 431, 435 (69 L. Ed. 745).

As regards the alleged failure to exhaust administrative remedies by not applying for exemption, this would apply only to personalty. The question of taxability of personal property for 1922 and 1923 has been disposed of under the doctrine of res judicata, that of taxability for subsequent years is not in the case, and we have held the real estate not used exclusively for the charitable purpose is clearly taxable. No situation is therefore presented upon which the contention may operate.

The judgment dismissing the bill must be reversed, and the cause remanded for ref-

ormation of the pleadings, to present only the questions remaining, and for further proceedings consistent with this opinion. No costs will be allowed either party.