DANIEL B. FRAZIER COMPANY, PROSECUTOR, v. BOROUGH OF HARVEY CEDARS, IN THE COUNTY OF OCEAN, A MUNICIPAL CORPORATION; ELSIE E. PELHAM, COLLECTOR OF TAXES OF THE BOROUGH OF HARVEY CEDARS, AND G. RANDLE GRIMES, CLERK OF THE BOROUGH OF HARVEY CEDARS, RESPONDENTS.

Submitted October 14, 1932—Decided July 27, 1933.

Before Justices PARKER, LLOYD and HEHER.

For the prosecutor, *Joseph H. Carr.*

For the respondents, *Howard Ewart.*

The opinion of the court was delivered by

HEHER, J. Lands of the prosecutor, situate in the respondent municipality, were sold for unpaid taxes amounting to $5,527.29, assessed for the year 1928. The borough was the purchaser. On February 23d, 1932, it filed a bill in Chancery praying the foreclosure of the prosecutor's right of redemption. The latter, on March 15th, 1932, filed an answer challenging the validity of the sale. This was followed by the present application, on July 7th, 1932, for a writ of *certiorari* to bring up the proceedings relating to the sale. *Pamph. L.* 1925, *p.* 480.

The prosecutor contends that the sale was invalid for the following reasons, viz.: (1) It was for a sum which included interest not authorized by law; (2) six parcels were sold as one; (3) the description was insufficient "to identify the land sold, or to notify the public of what was to be sold, or to enable a purchaser to procure a good title;" and (4) there was no "legal record of the proceedings leading up to the sale or of the sale itself."

Relief by the prerogative writ of *certiorari* is discretionary, and will be controlled by the public interest. *Daniel B. Frazier Co.* v. *Long Beach,* 110 *N. J. L.* 221; 164 *Atl. Rep.* 278; *Johnson* v. *Board of Embalmers,* 107 *N. J. L.* 380; *Cavanagh* v. *Bayonne,* 63 *Id.* 176; *Marcus* v. *Graver,* 71 *Id.* 95; *Allen* v. *Freeholders of Hunterdon,* 72 *Id.* 116; *Bowne* v. *Logan,* 43 *Id.* 421. In the last mentioned case, Mr. Justice Magie said: "The writ of *certiorari,* however, being discretionary, may be refused when it appears that the public interest will suffer or private injustice will be done." In the award or refusal of the writ the courts exercise a most liberal discretion. Even where prejudicial errors are apparent it will be refused if great public inconvenience will result from its issuance. 5 *R. C. L.* 254. Equitable considerations should guide the court in the exercise of the discretion. *Loomis* v. *Union City,* 6 *N. J. Mis R.* 330; 141 *Atl. Rep.* 170; *Roediger* v. *Drain Commissioner,* 40 *Mich.* 745; 5 *R. C. L.* 255; *Inhabitants of Marblehead* v. *County Commissioners of Essex,* 71 *Mass.* 451. In the case last cited, Chief Justice Shaw said: "Undoubtedly the application to the court for a *certiorari* is an application to the discretion of the court, and therefore, to some extent, its exercise will be governed by equitable considerations in determining whether a writ of *certiorari* shall issue, although, when granted and the proceedings are returned, the question is, whether they are legal or erroneous."

In the instant case the assessment is not challenged. The full amount of the tax assessed is concededly due. There is controversy, however, as to the interest charge. The rate demanded was eight per cent. The prosecutor insists that there was no resolution of the governing body of the respond-

ent municipality fixing the interest rate, and that, therefore, an interest charge could not lawfully be made. Section 603 of the Tax act of 1918 (*Pamph. L.* 1918, *p.* 873) fixes the maximum rate of interest for the non-payment of taxes at nine per cent. and the minimum at seven per cent. Under such circumstances, the prosecutor, as prerequisites to the allowance of the writ, should pay to the municipality the amount of the taxes confessedly due, and give adequate security for the payment of interest thereon at the minimum rate prescribed by the statute. Compare *Keokuk & Hamilton Bridge Co.* v. *Salm,* 258 *U. S.* 122; 42 *S. Ct.* 207; 66 *L. Ed.* 496.

Without passing upon the merits of the questions raised by the prosecutor, or the claim of the respondents that the writ cannot be allowed after the expiration of the statutory period of four months, even though the application is made within that period, we have reached the conclusion that the writ may issue, if the prosecutor shall pay to the municipality, within thirty days, the full amount of the assessment, and shall also, within that period, give security for the payment of interest thereon at the minimum rate of seven per cent.; otherwise, the application will be denied, with costs. If the parties cannot agree, application may be made to the court to fix the amount and settle the form of the security.

*Certiorari* allowed upon terms.