(Nos. 37329-37331 cons 

THE PEOPLE *ex rel.* Glenn Dallas, County Collector, Appellee, *vs.* CHICAGO BURLINGTON & QUINCY RAILROAD COMPANY, Appellant.

*Opinion filed November 30, 1962.*

R. T. CUBBAGE, R. J. SCHREIBER, and T. G. SCHUSTER, of Chicago, and MILTON M. HELM, of Metropolis, (ELDON MARTIN and C. W. KROHL, of counsel,) for appellant.

JACK WILLIAMSON, State's Attorney, of Vienna, for appellee.

Mr. JUSTICE KLINGBIEL delivered the opinion of the court:

The county collector of Johnson County filed three applications for judgment in the county court against the Chicago, Burlington & Quincy Railroad for 1958, 1959 and 1960 taxes, respectively, a certain percentage of each having been paid under protest. Objections filed by the railroad in each case were stricken on motion of the collector, and judgments were entered in the collector's favor for the portions protested. The railroad appeals directly to this court, the revenue being involved, and the causes have been consolidated for review.

The objections are based upon the contention that the railroad's property is assessed by the Department of Revenue at its full fair cash value, while locally assessed properties are assessed and equalized at levels of less than 55% of full fair cash value, that the undervaluation of locally assessed properties resulted in a lower tax base and hence a higher tax rate than would otherwise be the case, causing a disproportionately large amount of tax to be borne by the railroad's property, and that this discrimination is so gross as to be constructively fraudulent.

We have recently held that an undervaluation may be so gross as to indicate it was not honestly made but was known to be deficient, and where it appears that the Department assesses a railroad's property at 100% of its full value, the assignment of a multiplier to the county which results in the assessment of other property at 55% or less of full value amounts to a constructively fraudulent discrimination. (*People ex rel. Kohorst* v. *Gulf, Mobile and Ohio Railroad Co.* 22 Ill.2d 104; *People ex rel. Hillison* v. *Chicago, Burlington and Quincy Railroad Co.* 22 Ill.2d 88.) This proposition is not disputed by the collector in the case at bar. The

question here is merely whether sufficient facts are alleged upon which to base such a case of constructive fraud. The collector insists that only conclusions are stated, and that the objections were properly stricken for failure to allege facts.

The objections in each case, as finally amended, are substantially the same. The full cash values of the railroad's operating properties are stated, and it is alleged that the full cash value of the portion alloted to Johnson County was used by the county clerk in computing the taxes due from the objector for the particular year. It is then charged that the assessors intentionally assessed local property at an overall level of much less than full value, and that the board of review failed to equalize it at a full value level, with the result that such property was reported to the county clerk for tax purposes at less than 16% of full value for 1958 and 1960, and less than 17% of full value for 1959. The objector further alleged that for the particular tax year the Department certified to the county clerk a multiplier of 3.0303, that its agents and officials knew or should have known from studies and records within their official files that local properties in Johnson County for a period of years were being assessed by local authorities at levels ranging between 12% and 20% of full value, and that they knew or should have known the said multiplier would only raise the assessed value to a level of less than 50% of full value. Figures are supplied showing the tax base actually used and the tax base that would have been used if the Department had certified an adequate multiplier, and tables are attached to the objections showing comparative rates and amounts by taxing district for the locally assessed property and the railroad property, with other relevant computations.

As we pointed out in *People ex rel. McCallister* v. *Keokuk and Hamilton Bridge Co.* 287 Ill. 246, a motion to strike objections is in the nature of a demurrer and necessarily admits every fact alleged in the objections and the legal conclusions arising therefrom. The objections can be

stricken only where proof of the facts alleged would neither constitute a defense to the application nor justify a refusal of judgment. If a legal ground of defense is stated it is error for the court to strike the objection from the files and refuse the taxpayer a hearing and an opportunity to prove the fact alleged.

The *Keokuk and Hamilton Bridge* case, like the case at bar, was an application by the county collector for judgment and order of sale of real estate, delinquent in a certain amount for nonpayment of taxes. The taxpayer objected on the ground, in substance, that its property was knowingly assessed at its full cash value while all other property was assessed and equalized by rule and long custom at about 40% of its cash value. The court, on motion of the county collector, struck the objection and rendered judgment and order of sale. In holding this to be error we observed that it is sufficient for an objector to show a very great disparity and discrimination in the assessment, which could not reasonably have arisen from an error of judgment, that the objection alleged such disparity and discrimination between the full cash value of the appellant's property and the valuation of forty percent of such cash value of all other property, and that "the appellant had a right to prove the objection." A similar result must follow in the case at bar. The objector's allegations, if true, constitute a legal defense, and facts and figures are stated upon which the defense is based.

We do not think a contrary conclusion is called for by *People ex rel. Callahan* v. *Gulf, Mobile and Ohio Railroad Co.* 8 Ill.2d 66, upon which the collector relies. In that case we affirmed an order striking objections of the present nature where they merely alleged generally that locally assessed property was intentionally undervalued, and where the figure alleged to be the full value of locally assessed property was unsupported by any alleged factual basis. In the case at bar we are not confined to bare allegations of value. Not only are figures given but it is alleged that from records

within the Department's official files it could be seen that local properties were being assessed at small percentages of their full fair cash value, and that the Department knew or should have known therefrom that the multiplier used was insufficient to raise the assessed value even to 50% of full value. It is apparent that the stated figures are based not upon conjecture, or upon mere computations from an assumed undervaluation percentage, but upon records and studies in the official files of the Department of Revenue. The *Callahan* case is not controlling.

We conclude that the objections sufficiently allege a legal ground of defense and that the county court erred in striking them. The judgment in each case is reversed and the causes are remanded, with directions to overrule the motions to strike.

*Reversed and remanded, with directions.*