DAVID PRESTON *et al.*

*v.*

WILLIAM T. JOHNSON, Collector.

*Filed at Ottawa November 20, 1882.*

TAXATION—REMEDY—*assessment of property which is exempt—remedy at law, not in chancery.* The county board has jurisdiction to give relief against an assessment of property for taxation which is exempt, and if it refuses such relief the remedy of the party is by an appeal from its decision, and not by a bill in chancery to enjoin the collection of the tax. The legal remedy in such case is adequate and exclusive.

40—104 ILL.

Appeal from the Circuit Court of Cook county; the Hon. M. F. Tuley, Judge, presiding.

Messrs. Hoyne, Horton & Hoyne, for the appellants:

Section 1, article 9, of the constitution, provides, that laws shall be enacted "so that every person and corporation shall pay a tax in proportion to the value of his, her or its property," and that the legislature shall have power to tax peddlers and "persons or corporations owning or using franchises and privileges, in such manner as it shall, from time to time, direct, by general law, uniform as to the class upon which it operates." Private bankers are not included in the list of persons named in this section. By the rules of construction this is in effect a provision that the legislature shall not tax bankers and others not enumerated by any class enactments.

Deposits made with appellants are not their "moneys," under the Revenue law. Such moneys must be listed for taxation by the depositors. So appellants were improperly assessed for $100,000 of deposits. The United States levies a tax on deposits. U. S. Stat. sec. 3408.

Mr. Consider H. Willett, for the appellee:

The assessment being made after the fourth Monday of June, upon notice, the county board alone had jurisdiction to cure the defects claimed by the three following points:

*First*—To strike out property assessed, as exempt from taxation, because such property is government securities. Rev. Stat. chap. 120, sec. 97, clause 3; also, each case cited under third point.

*Second*—To strike out property if doubly assessed. Cooley on Taxation, 158–173; Burroughs on Taxation, 17, 172; *Yuba County* v. *Adams,* 7 Cal. 35; *Finley* v. *Philadelphia,* 32 Pa. St. 381; *Danville Banking and Trust Co.* v. *Parke,* 88 Ill. 170; *People* v. *Rhoades,* 15 id. 304; *Toll-Bridge Co.* v. *Osborn,* 35 Conn. 7.

*Third*—To decrease the assessment because property was irregularly assessed as deposits, or because property was assessed at an over-valuation. Rev. Stat. chap. 120, sec. 86; *Porter* v. *Railroad Co.* 66 Ill. 594; *Republic Life Ins. Co.* v. *Pollock*, 75 id. 279; *Ottawa Glass Co.* v. *McCaleb*, 81 id. 562.

Assessors act judicially in making an assessment. Const. 1870, art. 9, sec. 1; *Republic Life Ins. Co.* v. *Pollock*, 75 Ill. 294; *People* v. *Big Muddy Iron Co.* 89 id. 116; *Spencer* v. *People*, 68 id. 510; *Madison County* v. *Smith*, 95 id. 335; *Adsit* v. *Lieb*, 76 id. 198; *Peoria* v. *Kidder*, 26 id. 357.

Mr. JUSTICE SHELDON delivered the opinion of the Court:

This was a bill in equity, in the circuit court of Cook county, to restrain the collection of certain taxes. The case made by the bill, so far as needful to be stated under the decision we make, is, that complainants, private bankers in the city of Chicago, had made their return to the assessor, for the year 1878, of their personal property subject to taxation; that the assessor not being satisfied with the return, notified the complainants to appear before him, which they did, and gave to the assessor the information he asked, and a statement of their business affairs, and that afterward the assessor arbitrarily, illegally and fraudulently added to the return of the complainants the sum of $50,000, as the value of additional personal property of theirs subject to taxation for the year 1878; that said addition was in fact an assessment upon the government securities held by complainants, which were exempt from taxation; that the assessment was not made until after the fourth Monday of June, 1878, which was too late to apply to the town board of review for relief, and that complainants applied to the county board of review, which commenced its session on the second Monday of July, 1878, and appeared before the proper committee of that board and made their complaint, and that said committee considered the case and concluded to reduce the assessment,

and complainants understood that would be done; that the committee made a mistake as to the time within which their report must be made, and by reason of such mistake the committee had delayed their report until on or about the last day allowed by law for the board to act upon such matters, when the committee was informed by the county attorney that their report must be made, and the board must act upon such matters at once, and by reason of such mistake it was impossible to prepare a report in detail of the many matters of this nature before them, whereupon the committee was compelled to make a general report, such as they were able to prepare in the brief space of time remaining to them for that purpose, and that the only reason said assessment was not reduced was the mistake aforesaid, and that complainants were not apprised of said mistake on the part of said committee and said board until too late to take any steps, or do any acts, or file any objections, against such assessment. There was an answer of general denial, proofs were taken, and on hearing the circuit court dismissed the bill, and complainants appealed.

The complaint is as to the $50,000—additional assessment. There is no proof in the case in regard to what was the property which was thus assessed. It is only to be conjectured what it was from the statement of their affairs and business which complainants submitted to the assessor. There is certainly no evidence that the assessment was upon government securities exempt from taxation, as is claimed by the bill. It is urged in the argument the assessment was upon deposits, and that deposits with a private banker are not taxable against him. But we do not regard the subject of the merits of this assessment as properly before us.

Section 97 of the Revenue law gives to the county board of review, held on the second Monday in July, annually, full power and authority, among other things, "Third, to hear and determine the application of any person who is assessed

on property claimed to be exempt from taxation." The section gives the right of appeal from the decision of the board. It provides, if the board shall decide that property so claimed to be exempt from taxation is liable to be taxed, and the party aggrieved shall, at the time, pray an appeal, a brief statement of the case shall be made by the clerk, and transmitted to the Auditor, who shall present the case to the Supreme Court, by applying for an order to set aside and reverse the decision of the county board. Here was an adequate remedy at law, and the remedy which complainants should have pursued. It appears that the county board continued their session commencing on the second Monday of July, by regular adjournment from time to time, until the 31st of August. The record of the board in evidence showed that on the 31st of August the committee of equalization of the board (the same committee before whom complainants appeared, as stated in their bill,) submitted their report to the board, by which, after reciting the reference to them of the assessment and railroad list for 1878, together with all the petitions and complaints regarding the same, and having had the same under advisement, they report and recommend "that the personal property, as returned by the assessors in towns, be and remain as returned by said several assessors, except such changes as are shown in the tables annexed," and it was admitted that no changes were made in any personal property assessment in the town of South Chicago, where complainants were assessed. Any complaint with respect to the doings of the committee we can not consider, —it is the action of the board, only, which we can look to.

It appears that on the afternoon of Saturday, August 31, the counsel of complainants appeared before the board and requested to be heard in the matter, which was refused. At that time complainants seem to have been denied the opportunity of a hearing before the board; but if complainants were not allowed a fair hearing, or were aggrieved by any

action whatever of the board, their plain remedy was by appeal. No sufficient reason is shown why this remedy was not pursued. The county board of review had jurisdiction to give relief as to property exempt from taxation, and appellants failing to appeal from a decision of the board refusing to reduce their assessment for such reason, they can not now seek relief by a bill in equity. The remedy through the county board of review and by appeal we regard as adequate and exclusive.

The decree dismissing the bill must be affirmed.

*Decree affirmed.*