THE KEOKUK AND HAMILTON BRIDGE COMPANY

*v.*

THE PEOPLE *ex rel.* Atchison, Collector.

*Filed at Springfield January 18, 1897—Rehearing denied June 2, 1897.*

1. BOUNDARIES—*boundary line between Iowa and Illinois is the middle of the main channel of the Mississippi.* The boundary line between the States of Illinois and Iowa is the middle of the main navigable channel of the Mississippi river,—the thread of the stream, and not the middle line of the bed of the river.

2. As to the objections that the tax assessment complained of was fraudulently made, and that the whole of appellant's capital stock was assessed in Illinois whereas one-half of it is taxable in Iowa, the opinion follows the decisions in *Keokuk and Hamilton Bridge Co.* v. *People,* 145 Ill. 596, and *Same* v. *Same,* 161 id. 132 and 514, which, upon substantially the same facts, dispose of the objections adversely to the appellant.

Appeal from the County Court of Hancock county; the Hon. David E. Mack, Judge, presiding.

G. Edmunds, for appellant.

William H. Hartzel, State's Attorney, Sharp & Berry Bros., and Frank Halbower, for appellee.

Mr. Justice Wilkin delivered the opinion of the court:

This is an appeal from a judgment of the county court of Hancock county for delinquent taxes assessed against appellant for the year 1894. The grounds of reversal are, first, the assessments were fraudulently made; second, the whole of the capital stock is assessed in this State, whereas an undivided half of it is taxable in Iowa; third, the judgment is upon an assessment upon a part of appellant's bridge not in the State of Illinois, but in the State of Iowa.

The facts upon which the first two grounds are based are substantially the same as those upon which similar objections were urged in cases between the same parties in 145 Ill. 596, and 161 id. 132 and 514, and are disposed of adversely to appellant by those decisions.

The last point is based upon the contention that the State line crosses the bridge of the appellant at a place marked by the commissioners appointed in *Iowa* v. *Illinois*, 147 U. S. 1. The record now before us shows that the order of the Supreme Court of the United States confirming the report of these commissioners was subsequently set aside and vacated. The commissioners who made that report were examined as witnesses on the hearing below on behalf of appellant, and it is clear from their testimony that they fixed the line between the two States at the center of the river and not at the center of its main channel. The decree of the Supreme Court of the United States, under which they were appointed, ordered: "The boundary line between the State of Iowa and State

of Illinois is the middle of the main navigable channel of the Mississippi river; and as the counsel of the two States desire that this boundary line be established at the nine bridges across the Mississippi river, it is further ordered that a commission be appointed to ascertain and designate at said places the boundary line between the two States, such commission consisting of three competent persons to be named by the court upon suggestion of counsel, and be required to make the proper examination, and to delineate on maps prepared for that purpose the line as determined by this court and report the same to this court for its further action."   Following that decree and other authorities cited in the opinion, we said in the case in 145 Ill. (on p. 604): "Under the authorities we think it is plain that the boundary line between Iowa and Illinois, where the bridge of appellant is constructed, is the middle of the main channel of the river,—in other words, the thread of the stream."

Accepting the uncontroverted testimony of witnesses in that case as fixing the center of the main channel, and hence the State line, at a certain point, it was held that a portion of the bridge in the State of Iowa had been improperly assessed as in this State.   In the present case 1567 feet were assessed as being in Illinois and 625 treated as being in Iowa.   Several experienced river men, captains and pilots of steamboats running on the Mississippi river at that point for a great many years, both before and since the bridge was built, were introduced by the People in this case, and testified that the east side of the navigable channel at the bridge was not to exceed 550 feet east from the Iowa shore.   It is conceded if the State line is where the testimony of these witnesses fixes it, all that part of the bridge included in this assessment is in this State.   Although appellant introduced several witnesses, including the commissioners above mentioned, for the purpose of establishing the line further east, they do not contradict the People's witnesses as to the loca-

tion of the main or navigable channel, but they treat the middle of the bed of the river as the thread of the stream. At least we think the county court was justifiable in finding, from all the evidence, that no part of the bridge assessed is in the State of Iowa. Its judgment will accordingly be affirmed.    *Judgment affirmed.*