(No. 12433.—Reversed and remanded.)
THE PEOPLE *ex rel.* Henry Stuckart, County Collector,
Appellant, *vs.* ROBERT WHITE & Co., Appellees.

*Opinion filed December 18, 1918—Rehearing denied Feb. 7, 1919.*

1. TAXES—*one objecting to tax on land assessed in another's name must prove his interest.* One who files objections to a tax on property assessed in the name of another person has the burden of proving his interest, which must be a property right, otherwise the objections will not be considered.

2. SAME—*an agent cannot object in his own name to taxes on principal's land.* An agency for the management of real estate is not an interest in land, and though an agent, if duly authorized, may object to an application for judgment against land for taxes assessed in the owner's name he may do so only as agent and in the name of the owner.

3. SAME—*remedies of property owner for alleged excessive assessment.* The judgment of the assessor as to whether there has been a change in the value of property in any year other than that of the quadrennial assessment may be revised by the board of assessors, and there is a further review by the board of review; but in the absence of fraud these are the only remedies available to the owner for an excessive assessment, and if they are not availed of courts cannot give relief.

4. SAME—*what evidence not admissible in regard to value of land.* Evidence that on April 1 of the year the tax objected to was levied the buildings on the property were in the process of being wrecked under a contract made for that purpose is not admissible, on application for judgment and order of sale, to show that the valuation made by the assessor was excessive.

5. SAME—*certificate to correct error or mistake must be issued before judgment.* The certificate authorized to be issued under the proviso to paragraph 308 of the Revenue act (Hurd's Stat. 1917, p. 2483,) where the assessors discover any error or mistake in an assessment must be issued before the judgment or order of sale for the tax is rendered, otherwise it is of no effect.

6. SAME—*errors of judgment cannot be corrected by certificate of assessors.* The proviso to paragraph 308 of the Revenue act, (Hurd's Stat. 1917, p. 2483,) authorizing the assessors to issue a certificate when an error or mistake has been discovered in an assessment before judgment or order of sale has been rendered, expressly excludes errors of judgment as to the valuation of property.

7. SAME—*when land owner cannot have assessment corrected.*
An owner of land who has neglected to avail himself of the means
provided by law for correcting an assessment of his property and
has relied upon inconsistent defenses cannot have the assessment
corrected after judgment has been rendered for the tax and the
time for correction has passed.

APPEAL from the County Court of Cook county; the
Hon. S. N. HOOVER, Judge, presiding.

MACLAY HOYNE, State's Attorney, (CHARLES CENTER
CASE, JR., and JOSEPH P. RYAN, of counsel,) for appellant.

DANIEL S. WENTWORTH, DAVID B. MALONEY, and
NATHAN E. UTT, for appellees.

Mr. JUSTICE DUNN delivered the opinion of the court:

The treasurer and *ex-officio* collector of Cook county
applied to the county court, at the July term, 1918, for judg-
ment and an order of sale for taxes against the north half
of lot 8, block 35, in original town of Chicago, section 9,
town 39, range 14, assessed in the name of T. Smith, and
the south half of the same lot, assessed in the name of
J. Borden. Objections to judgment were filed by Robert
White & Co. There were many objections which were
common to numerous objectors, but the judgment in this
cause was rendered upon a special objection. The cause
was heard upon this objection on July 29 and an order was
entered overruling it, whereupon the objectors made a mo-
tion to vacate the order, which motion was entered and
continued. No judgment was entered at that time, but on
August 1 the cause again came on for hearing and an order
was entered overruling all objections not theretofore sus-
tained or overruled in whole or in part and a judgment and
order of sale were entered against the two half lots, and
objectors moved to vacate such judgment and order of sale,
which motion was entered of record and continued. On
August 19 the court entered an order finding $546.67 was

illegally levied against each of the half lots in question on account of excessive valuations, vacating the previous judgment and order of sale and ordering that the special objection be sustained and judgment refused. This appeal is from the order refusing judgment.

The objection which was sustained is as follows:

"Now comes objector, Robert White & Co., by their attorneys, .......... and objects to the jurisdiction of the court herein and objects to the judgment of sale against the following described property to the amount herein set out as follows, to-wit: Two-thirds of the assessed valuation of the improvement on each of the said lots,—that is, a tax of $1640 is improperly on each of the lots as originally assessed, that the same being in the sum of $1640; that the amounts are improper and illegal because of the fact that on May 1, 1917, the improvements upon said property were wrecked and of no value, and that thereafter there were no buildings or improvements of value on the said lands; that as the remainder of the said tax upon the improvements and land assessments, the objector objects for the reason that the tax is illegal for reason as before specified herein. The said property, together with the amounts objected to, are set forth in the attached schedule."

No questions are involved in this appeal except those arising on this objection. The date "April 1, 1917," was afterwards substituted for the date "May 1, 1917," by amendment. This objection is obscurely expressed, but in substance it is that the assessment is illegal because of the fact that the improvements on the land were of no value on April 1, 1917,—the day with reference to which the law required the assessment to be made.

The facts appearing in the record are these: Lot 8 is at the northwest corner of Dearborn and Randolph streets, in the city of Chicago. Prior to April 1, 1917, there was a building on each half of the lot,—one six stories high, the other five stories. On February 20, 1917, the owners

of the buildings entered into a contract for the wrecking of them, for which the wrecking company was to receive $4250. The wrecking work started on February 9 and continued until the buildings were destroyed, some time in May. The first work on the new building was begun on March 30. On April 1 the old buildings were still there and tenants were still in the buildings though the basement was vacated. Objectors offered to prove that the buildings in their condition on April 1 were a damage to the land, running somewhere from the actual cost of removing the same, which was $4250, up to the neighborhood of $10,000. The objections were filed by Robert White & Co., a partnership in the real estate business. They were the agents of the buildings, had the management of the property, the collection of rents and the letting of space. They did not own any part of the land or buildings and had no interest whatever in either. These facts were shown in the hearing on the special objection, and thereupon the order of July 29 was entered overruling the objection.

The objection was properly overruled for two reasons: First, the objectors, Robert White & Co., had no interest in the lots. They were not connected with the title in any way but were merely the agents of the owner. The statute authorizes a defense to be offered by any person interested in any lands or lots. The interest which authorizes anyone to make defense must be a property right, and the objectors had no such right. The property was not assessed in their name, and where property is not assessed in the name of the objector the burden is on him to show his interest in the land, and unless he does so his objections will not be considered. *People* v. *Cleveland, Cincinnati, Chicago and St. Louis Railway Co.* 248 Ill. 440.

Counsel for the appellees insist that the agent of the owner of land has a sufficient interest in the land to authorize him to file objections to taxes. An agency for the management of real estate is not an interest in the real estate,

and though an agent, if duly authorized, may object to an application for judgment for taxes, he may do so only as agent in the name of the owner. The objections here were filed by Robert White & Co. in their own name as objectors.

Second, evidence was not admissible in regard to the value of the real estate or the improvements on April 1, 1917. The assessor is the officer authorized by law for fixing the valuation of property for the purpose of taxation, and his judgment, in the absence of fraud, is conclusive. The objectors made no charge of fraud and no evidence of fraud was offered. In such case there is no power in any court to review the assessment. (*Spencer & Gardner* v. *People,* 68 Ill. 510; *East St. Louis Connecting Railway* v. *People,* 119 id. 182; *New Haven Clock Co.* v. *Kochersperger,* 175 id. 383.) The statute makes it the duty of the assessor in each year other than that of the quadrennial assessment, when there has been a change in the value of land by reason of injury or alteration in or addition to the improvements, to determine the amount, in his opinion, of such change and set it down in the assessment book. If he makes any change the changed amount is the assessment for that year, but if he makes none the previous assessment remains the assessment for the year. His judgment, however erroneous, cannot be reviewed by a court, but the statute has provided for its revision by the board of assessors and for a further review of the assessment upon the complaint of the owner by the board of review. In the absence of fraud these are the remedies which are available to the owner for an excessive assessment, and if they have not been availed of the courts cannot give relief.

The effect of the judgment of August 1 was to overrule the appellees' motion, made on July 29, to vacate the order of that date. Thereupon the appellees entered a motion to vacate the judgment, and on August 19 the cause again came on for hearing, the motion was allowed and the ob-

jections were sustained to the amount of $546.67 on each half of the lot and a judgment was entered, from which this appeal was taken. On this hearing the appellees produced the following certificate:

"Board of Assessors of Cook County, Ill.

Room 315, Court House—Telephone Franklin 3000

Chicago, *July 1st, 1918.*

*"Charles Krutchkoff, Chief Clerk:*    Volume 1 South.

"In 1917 this board assessed the property described as N ½ Lot 8 and S ½ Lot 8, Block 35, Original Town of Chicago, in Section 9-39-14, as follows:

| | | |
|---|---|---|
| N ½ Lot 8 | Land $280,000 | Improvement ooo |
| | | Total, $280,000 |
| S ½ Lot 8 | 518,589 | ooo |
| | | 518,000 |

"Through clerical error in enter the assessment the improvement was extended $80,000, making the total assessment appear on said warrant as $878,589, the tax extended thereon being $18,016.85. The total tax on the correct assessment against this property as made by this board and confirmed by the board of review amounts to $16,371.05, and the tax extended is excessive in the sum of $1645.80.

| | |
|---|---|
| | George K. Schmidt, |
| William P. Feeney, | M. K. Sheridan, |
| Edw. R. Litzinger, | Adam Wolf, |
| *Board of Review.* | *Board of Assessors."* |

This certificate purports to be in conformity with the proviso in paragraph 308 of chapter 120, (Hurd's Stat. 1917, p. 2483,) which is as follows: *"Provided, however,* that if at any time before judgment or order of sale therefor the said assessors shall discover an error or mistake (other than errors of judgment as to the valuation of any real or personal property) in any assessment of any property belonging to any person or corporation, they shall issue to the person or corporation erroneously assessed a certificate setting forth the nature of such error and the cause or causes which operated to produce the same, which said certificate, when properly indorsed by the majority of board of review, showing their concurrence therein, and not other-

wise, may be used in evidence in any court of competent jurisdiction, and when so introduced in evidence such certificate shall become a part of the court record and shall not be removed from the files except on an order of the court."

This proviso authorizes the certificate to be made only before judgment or order of sale, and while on its face the certificate appears to have been made on July 1, the evidence discloses that, in fact, it was not issued until after judgment and order of sale, and it was therefore of no effect. The objections were based on the fact that there had been an assessment which was excessive; that the buildings on the property had depreciated in value so that they were worthless on April 1, 1917, and reduced the value of the property instead of increasing it. In the hearing on July 29 counsel for appellees stated that there was an assessment of $40,000 against each of the buildings. Afterward, on the request of the appellees, this certificate was issued. The witness who testified in regard to procuring it stated that it was obtained in August, and that the reason it was dated July 1 was that that is the date when mimeograph forms were obtained. It is clear that the certificate, although dated July 1, was not issued until after judgment was rendered, and therefore after the time when the board of assessors or the board of review was authorized to issue it. The owners of land who have neglected to avail themselves of the means provided by law for correcting the assessment of their property and have relied upon inconsistent defenses cannot have their assessments corrected after judgment has been rendered against them and the time for making such correction has passed. The statute says that the certificate may be used in evidence in any court of competent jurisdiction but not that it shall be conclusive evidence of the facts stated in it. Errors of judgment as to the valuation of property are expressly excluded from the mistakes which may be corrected by such certifi-

cate. The same witness who obtained the certificate testified that he went to see Schmidt and explained to him that objection to the amount of the taxes on buildings covering this property had been filed and that it had always been customary to get a little equity thrown into these hearings; that he showed him a contract and said they were taking out the under part and were putting new things there and that the tenants had evacuated the building; that the reason it was not brought up or filed before the board of review was that the witness represented the property when it was the Borden estate and they sold it to the Woods Theater people and a new agent took hold of it and in the confusion nobody thought the building would be assessed as torn down, and that this all came about because no complaint was filed before the board of review, and that the reason they didn't come in the spring and ask for a certificate of error was from the fact that in the past, in the county court, when they had got up to the trial of these cases they had always been able to have equity done. Afterward the witness, in connection with clerks in the office, got the figures off the field book, and the figures showed $40,000 on each building in 1917 in the field book. They went right down the line with the assessment books also, and the same thing was confirmed with the board of review because there was no complaint filed. That was automatic. The occasion for all this figuring, the witness said, was the buildings had been put there in error and should come off, and that there was nothing on the face of the books showing the figures had been put there in error, and the building was there April 1 on the books and on the premises. "A shell may have been there, and as an equitable proposition they have got to use the word 'clerical error.' As to why they have to use the words 'clerical error' I don't know as I can answer that legally." It is manifest from the evidence that the certificate was issued not to correct a clerical error but to correct an erroneous assessment.

The court erred in vacating the judgment of August 1 and in entering a judgment reducing the amount of the tax. The judgment will be reversed and the cause remanded.

*Reversed and remanded.*