---

(No. 15014.—Reversed and remanded.)
THE PEOPLE *ex rel.* Patrick J. Carr, County Collector, Appellee, *vs.* JOHN W. KEOGH, Appellant.

*Opinion filed December 19, 1922—Rehearing denied Feb. 9, 1923.*

1. TAXES—*authority of board of review and of assessors is limited to the statute.* The board of assessors and the board of review have no other authority except such as is given them by statute.

2. SAME—*the board of review cannot change valuation "for one year only."* The board of review has power in every year to make all changes in the valuation of real or personal property which in its opinion are necessary to a just assessment, without regard to what the assessors might or could originally have done; but the board has no authority to reduce the assessed valuation "for one year only" and regard the original valuation as automatically restored for succeeding years, as any change after said reduction must be in the manner authorized by law.

APPEAL from the County Court of Cook county; the Hon. F. S. RIGHEIMER, Judge, presiding.

ALDEN, LATHAM & YOUNG, and LANDON & HOLT, (ROBERT N. HOLT, of counsel,) for appellant.

ROBERT E. CROWE, State's Attorney, GEORGE E. GORMAN, and WILLIAM H. DUVAL, (HAYDEN N. BELL, and W. W. DEARMOND, of counsel,) for appellee.

Mr. JUSTICE CARTWRIGHT delivered the opinion of the court:

The county court of Cook county overruled objections of John W. Keogh, appellant, to the application of Patrick J. Carr, county treasurer, for judgment, with order of sale of lot 6 in block 4 in Fort Dearborn addition to Chicago, for $2221.66, taxes alleged to be due for the year 1921 and delinquent, and rendered judgment accordingly. An appeal to this court was allowed and perfected.

The county treasurer made formal proof showing a *prima facie* case. The objection was that there had been an unlawful increase in the assessment, and the facts were stipulated, as follows: The appellant has owned the property since 1918, and at the time of the quadrennial assessment in 1919 the board of assessors fixed the value of the property at $57,885, of which $55,885 was the value of the land and $2000 the value of the improvements. Upon application by the appellant to the board of review the valuation of the land was reduced to $19,494 and the value of the improvements remained the same. The board added to the record of the reduction the words, "For one year only." In 1920 the board of assessors set down the value of the land at $55,885 and the board of review confirmed the assessment, the action of both boards being without notice to appellant. On the application of the county treasurer for judgment for delinquent taxes based on that assessment the appellant objected, and the court found the value of the lot to be $19,494, and that the action of the board of assessors and board of review was without authority and void, and the taxes were reduced proportionately. In 1921 the board of assessors, again without notice to appellant, changed the value of the land to $55,885, and the board of review, after notice to appellant, entered the same amount in the column indicated as board of review assessments in the usual manner when no change was made in the assessment of the

board of assessors, and made a notation which was an abbreviation of the word "confirmed." There had been no change in the improvements from the time of the assessment of 1919.

The board of assessors and board of review have such authority as is given them by the statute and none other. The board of review had authority in 1919 to review the assessment made by the board of assessors and to fix and determine the true value of appellant's property. It found the value of the land to be $19,494 and reduced the assessment to that amount from $55,885, leaving the value of the improvements at $2000, and added, "For one year only." That was not a finding that the value of the land was $19,494 and that after the current year the value would be $55,885, which would be an absurdity. The power of the board then exercised was to review the assessment and make such alteration as in the judgment of the board might be necessary to a just assessment. The argument that the change was made for one year, only, cannot be sustained for want of any authority in the board of review to make such temporary change, so that the board of assessors would have the right in 1921 to go back to the initial assessment or that such assessment would automatically become the lawful assessment. The judgment in 1920 was an adjudication that the action of both the board of assessors and the board of review, without notice to appellant, in restoring the assessment was without authority and void, and it is not now contended that the board of assessors had authority to change the assessment where there had been no change contemplated by the statute during the quadrennial period.

It is insisted, however, that the change made in 1921 upon notice to the appellant was a change by the board of review representing the judgment of the board as to the true value. The board of review has power in every year to make all changes in the valuation of real or personal

property which in its opinion are necessary to a just assessment, without regard to what the assessors might or could originally have done, (*People* v. *St. Louis Bridge Co.* 281 Ill. 462,) but the record gives no support to the claim that the board of review exercised its judgment and in such exercise raised the valuation from $19,494 to $55,885. The record shows that the board merely confirmed the void action of the board of assessors by entering the amount in the usual manner when no change is made in the assessment made by the board of assessors. The assessment was neither automatically restored after the year 1919 nor changed in the manner authorized by law.

The judgment is reversed and the cause remanded.

*Reversed and remanded.*