THE PEOPLE ex rel. George F. Harding, County Collector, Appellant, vs. M. A. BENDER, Appellee.

*Opinion filed April 21, 1928—Rehearing denied June 14, 1928.*

1. TAXES—*when owner is not required to make formal complaint to have the assessment reduced.* Where the board of review has increased an assessment of real property without notice to the owner during the quadrennial period and the court sustains an objection in the collector's proceeding and no appeal is prosecuted, the board of assessors is not justified in carrying forward the unlawful increase in the assessment in the succeeding year; nor is the board of review authorized to confirm the same, as the objector's knowledge of the void increase does not validate it in the succeeding year, nor is he required to make formal complaint before the assessing bodies to prevent its being carried on the books for the balance of the quadrennial period.

2. SAME—*the assessor cannot during quadrennial period change real estate assessment where there has been no change in property.* In the case of real estate the general assessment stands during the quadrennial period between assessments, and the assessor has no jurisdiction to change an assessment in the intervening years where there has been no change in the physical condition of the property.

APPEAL from the County Court of Cook county; the Hon. JOHN D. BIGGS, Judge, presiding.

ROBERT E. CROWE, State's Attorney, ROBERT C. O'CONNELL, and JAMES F. CLANCY, (HAYDEN N. BELL, of counsel,) for appellant.

CARROLL & SCHAEFFER, and WILLIAM J. GRACE, for appellee.

Mr. JUSTICE DUNN delivered the opinion of the court:

The county court of Cook county sustained an objection of M. A. Bender to the application of the county collector for judgment and order of sale against certain real estate in Cook county for the taxes of 1926, and the collector has appealed.

The objection was that at the June term, 1926, the county court sustained the appellee's objection to that part of the tax of 1925 based upon an increase of the assessment made by the board of review in that year, on the ground that the increase made by the board of review of the assessment made by the board of assessors on the improvements on the property from $60,000 full value to $95,000 full value was without notice to the owner and was void, and that the board of assessors carried over and entered on the assessment record in 1926 the void increased assessment as the assessment for 1926, and that the tax extended on the fraudulently increased assessment was void. The appellee paid the taxes on the amount of the original assessment and objected to the amount extended on the void increase. It was stipulated that in the year 1925 the board of assessors assessed the improvements on the land of the objector at $60,000 full value, and that afterward, without any notice to the objector, the board of review increased the valuation to $95,000 full value; that at the June term, 1926, of the county court the objector filed an objection that the increase in value on his improvement from $60,000 to $95,000 was void on the ground that it was made without notice; that there were no physical changes in the property by reason of any injury to, alteration in or addition to the improvement thereon after April 1, 1924, and prior to April 1, 1925; that on July 16, 1926, after a hearing, the court adjudged the increase from $60,000 to $95,000 on the improvement null and void on the ground that the increase was made without notice, and sustained the objection on all

in excess of $60,000, full value, on the improvement; that no appeal was taken from this order; that on September 1, 1926, the board of assessors attached the affidavit required by law to the assessment book containing the objector's assessment; that the board of assessors for the year 1926, without giving notice to the objector, carried forward the valuation made by the board of review in 1925, and thereafter the board of review, without giving notice to the objector, confirmed that valuation; that the improvement of the objector so assessed in 1926 was the identical improvement assessed in 1925 and increased by the board of review without notice in 1925 and is the identical property for which objection was made and sustained in 1926; that after the judgment of the county court in 1926 the objector made no application to and filed no complaint with the board of review in relation to the assessment of the property, and that there were no physical changes in the property by reason of any injury to, alteration in or addition to the improvement thereon after April 1, 1925, and prior to April 1, 1926.

Section 9 of the Revenue act of 1898 requires an assessment of all real property, to be known as the general assessment, to be made in 1899 and every fourth year thereafter, with reference to the amount owned on April 1 of the year in which the assessment is made, and that such general assessment, as modified or equalized or changed as provided by law, shall be the assessment upon which taxes shall be levied and extended during the quadrennial period for which the assessment is made. Section 12, as amended in 1923, requires the assessor, before June 1 in each year in which the general assessment is to be made, actually to view and determine the value of each tract or lot of land listed for taxation as of April 1 and assess it at the value required by law. Between April 1 and June 1 in each intervening year he is required to "list and assess in like manner, all real property which shall become taxable and which

is not upon the general assessment, and also make and return a list of all new or added buildings, structures or other improvements of any kind, the value of which shall not have been previously added to or included in the valuation of the tract or lot on which such improvements have been erected or placed, specifying the tract or lot on which each of said improvements has been erected or placed, the kind of improvement and the value which, in his opinion, has been added to such tract or lot by the erection thereof; and in case of the destruction or injury by fire, flood, cyclone, storm or otherwise, or removal of any structures of any kind, or of the destruction of, or any injury to, orchard, timber, ornamental trees or groves, the value of which shall have been included in any former valuation of the tract or lot on which the same stood, the assessor shall determine as near as practicable how much the value of such tract or lot has been diminished in consequence of such destruction or injury, and make return thereof. And in case any assessor shall fail or neglect so to do, then the supervisor of assessments shall, in the case of such new or added improvements, assess the same according to the assessment of the same property in the general assessment, and in the case of such destruction shall abate from the assessment of the tracts or lots so damaged or lessened, the proper proportion thereof, estimated according to the same principles." Section 14, as amended in 1905, provides: "On or before the first day of June in each year, other than the year of the quadrennial assessment, the assessor shall determine the amount, in his opinion, of any change in the value of any tracts or lots of land by reason of any injury to, alteration in or addition to, the improvements thereon since the first of April in the preceding year and prior to the first of April in the current year, and add to or deduct from the assessment accordingly, setting down the amount of such change in a proper column in the assessment books. The value of lands and improvements shall be separately fixed, and shall

330—29

in any assessment made hereafter be set down in separate columns in said assessor's books. The assessors shall not in any year, except the year of the quadrennial assessment, change the valuation of any real estate or improvements or the division thereof, except as above provided in this section."

In *Crozer* v. *People,* 206 Ill. 464, it was held that the assessor and the board of review are without power, in the years intervening the years of the general assessment, to increase the assessed valuation of real estate except in instances where new or added buildings, structures or other improvements of some kind shall have been placed upon the real estate in question after April 1 of the year of the general assessment, and are without power to decrease the valuation during the intervening years except where the value of the real estate has been diminished after April 1 of the year of the general assessment by the destruction or injury by fire, flood, cyclone, storm or otherwise, or removal, of any structure of any kind, or by the destruction of or injury to orchard, timber, ornamental trees or groves. This case was overruled in *People* v. *St. Louis Bridge Co.* 281 Ill. 462, so far as it concerns the board of review, but the board of review was without authority in the present case because of the want of notice.

From the stipulation it appears that there was a valid assessment in 1925, which the board of review in that year increased without notice. The board was without authority, for want of notice, to make this increase, and its act was void and was so adjudged by the county court. The following year the board of assessors, which had no authority to change the valid assessment of 1925 without any physical change in the property, merely carried forward on the assessor's book the assessment of the board of review, with its void increase, instead of the amount of the assessment legally made in 1925, and the board of review confirmed the assessment, all without notice to the appellee.

The assessment of the improvements in 1925 at $60,000 full value, as modified or equalized or changed in the manner provided by section 14 of the Revenue act of 1898, was the only assessment upon which taxes were authorized to be levied and extended.   It is conceded by the stipulation and was adjudicated by the county court in the proceeding in 1926, that this assessment was never modified or changed in the manner authorized by law.   The change in the assessment was void for want of notice to the appellee.   It is conceded by counsel for the appellant that the increase in the assessment was void, and yet the foundation of their case is that, although void, the increased assessment will stand as the assessment against the property until changed by the assessor.   It is a contradiction in terms to say that an act is void and at the same time is valid, or that an act has the same effect whether void or valid, or that a void act is effective until set aside.   Such a statement is fundamentally unsound, and because it is unsound the proposition is also unsound which is really the basis of the appeal and is stated in the brief of the appellant as follows:   "Any revision of an assessment by the board of review in any year, whether made with or without notice and whether valid or void, continues to stand as the assessment in the State assessment roll for each year of the remainder of the quadrennial period until changed by the assessing body." In support of this point the brief cites the sections of the Revenue act from which we have quoted portions, and the case of *Crozer* v. *People, supra,* to which we have referred. In our judgment the statute and decision cited completely negative the proposition they are cited to support.

The appellant contends that after the appellee received his tax bill for the 1925 taxes and after the trial in the county court, where he obtained relief against the increase in question upon the ground it was made without notice, he had full knowledge of his assessment, and he was then charged by public statute with knowledge that this increased

assessment would continue to stand in the assessment roll as the assessment on his property for the balance of the quadrennial period unless changed by the assessing body on his complaint, and the appellee was then charged with knowledge of an opportunity to be heard as to the 1926 taxes before the board of review, which he was bound to make use of at his peril, and having made no complaint of the valuation in question before the assessing bodies for the year 1926, though it was his duty, under the law, in every year to list with the assessors his taxable land and thus assist the officers in settling and determining a proper assessment of his property, the void assessment stands. The assumption that the appellee was charged with knowledge of the assessment and that the increased assessment would continue to stand in the assessment roll as the assessment of his property for the balance of the quadrennial period unless changed by the assessing bodies on appellee's complaint is not justified. He had knowledge of the attempted increase of his assessment in 1925, but he also knew that that assessment was void and that it had been adjudicated to be void, and he had no reason to suppose that the board of assessors, which had no authority to change the valid assessment made by it in 1925, would, in spite of the void action of the board of review and in spite of its lack of power, place the void assessment on the assessment books instead of the valid assessment. It was the duty of the board of assessors to place the valid assessment of 1925 on the assessment roll for 1926, and the appellee had no reason to suppose that the board of assessors, having no authority to change the assessment, would substitute the void assessment of the board of review for the valid assessment.

The proposition that the board of assessors was without power in 1926 to increase the assessed valuation of the real estate but it was its duty to place upon the assessment books the valid assessment of 1925 and to disregard the void increase of the board of review made in 1925, is sustained

by the case of *People* v. *Keogh,* 306 Ill. 323, in which the board of review had reduced an assessment of land from $55,855 to $19,494, and added, "for one year only." It was held that the board of review had no authority to make such temporary change; that the action of the board of assessors in the next year, without notice to appellant, in restoring the assessment to $55,855 was without authority and void, and the action of the board of review in merely confirming the void action of the board of assessors by entering the amount, in the manner usual when no change is made in the assessment made by the board of assessors, gave no support to the claim that the board of review exercised its judgment and in such exercise raised the valuation from $19,494 to $55,855.

The appellant relies upon the cases of *New Haven Clock Co.* v. *Kochersperger,* 175 Ill. 383, and *Ayers* v. *Widmayer,* 188 id. 121. These cases were bills in equity to enjoin the collection of taxes on personal property. Assessments of personal property are made annually and the board of assessors has jurisdiction to make the assessment, and it is the duty of the owner to take notice of it. The valuation, as was said in *New Haven Clock Co.* v. *Kochersperger, supra,* was not an act without jurisdiction or authority. In the case of real estate the general assessment stands during the quadrennial period between assessments, and the assessor has no jurisdiction to change an assessment in the intervening years between the general assessments where there has been no change in the physical condition of the property. In this respect the cases cited differ from this case, where the change in the assessment was wholly without jurisdiction. In both the cases cited the tax-payer did make an application to the county board for the revision of the assessment, appeared before the county board and introduced evidence in support of the application, but the board refused to decide the question and took no action except to decide that the complaint be placed on file without prejudice to

the tax-payer's appeal to the courts. The court held that the tax-payer would have been entitled to a *mandamus* to compel the county board to proceed to a consideration of the complaint and should have availed itself of this remedy. The court referred to the case of *Preston* v. *Johnson,* 104 Ill. 625, where it was charged in a bill in equity that a tax was illegally levied upon property not subject to taxation and that the county board denied the tax-payer a hearing, but it was held that there was an adequate remedy at law, and if the complainant was aggrieved by the action of the county board the statute gave the right of appeal, through the auditor, to the Supreme Court for an order to set aside and reverse the decision of the county board; that this was an adequate remedy at law and the remedy which complainant should have pursued. The decision in *Preston* v. *Johnson, supra,* was afterward explained in *Illinois Central Railroad Co.* v. *Hodges,* 113 Ill. 323, where it was said: "Having selected his forum,—one which affords a completely adequate remedy,—he must adhere to it; but, in the case of real estate especially, having a right to rely upon the law exempting him without doing any affirmative act and not being constructively charged with knowledge of an illegal assessment, he may not, in fact, know that his property is illegally assessed until it is too late to apply to the board of supervisors for relief; and so it must follow that in this class of cases the remedy provided by that section is cumulative, only, and so we expressly decided in *Peoria Fair Ass'n* v. *People,* 111 Ill. 559. If the party elect the remedy provided by this section he will not be allowed to abandon it and then go into equity, but he may go into equity in the first instance and have relief." In *New Haven Clock Co.* v. *Kochersperger, supra,* the court, referring to the two cases last cited, says: "In those cases, however, the statute then under consideration gave a direct means of obtaining the judgment of this court upon the question involved while there is no appeal to a court on a

question of over-valuation, and the further material distinction was pointed out in the latter case that an assessment of exempt property is an act without jurisdiction. Where property is exempt from taxation the owner has a right to assume that the law will be observed, and he is not required to take notice of its illegal assessment nor to appear before the local tribunal, but is protected by the law and may resort to a court of equity for an injunction."

The judgment of the county court of Cook county is affirmed.

*Judgment affirmed.*