(No. 18858.—

THE PEOPLE *ex rel.* George F. Harding, County Collector, Appellee, *vs.* O. J. HART, Appellant.

*Opinion filed October 25, 1928—Rehearing denied Dec. 11, 1928.*

WILLIAM J. GRACE, for appellant.

ROBERT E. CROWE, State's Attorney, ROBERT C. O'CON-
NELL, and JAMES F. CLANCY, (HAYDEN N. BELL, of coun-
sel,) for appellee.

Mr. JUSTICE HEARD delivered the opinion of the court:

The county treasurer and *ex-officio* collector of Cook
county made application to the county court of that county
for judgment of sale for the delinquent taxes for the year
1926 against four lots of appellant, O. J. Hart. Appellant
filed objections to the application, which were overruled and
judgment of sale entered, from which judgment an appeal
has been taken to this court.

In the year 1923 (the year in which the quadrennial as-
sessment of real estate was made) the board of assessors
of Cook county assessed each one of appellant's four lots
in question at the sum of $300, full value. Prior to April 1,
1925, and after the assessment of 1923, valuable improve-
ments were made upon each of the four lots. In its 1925
assessment roll the board of assessors fixed a full value
against each of these lots of $300 and a full value against
the improvements on each of the lots of $12,000, which
made an assessed value against the land and improvements
of each lot at $6150. This assessed value was carried over
by the board of review for that year and the 1925 taxes
were extended thereon. At the June term, 1926, of the
county court of Cook county the county collector applied
for judgment against these lots on account of delinquent
general taxes for the year 1925. Appellant objected there-
to, and upon the hearing it was shown that the improve-
ments upon the four lots were not completed on April 1,
1925. The county court sustained the objections and re-
fused judgment for all taxes extended upon the assessed
valuation above $13,000 against the total improvements

upon the four lots. After April 1, 1925, and prior to April 1, 1926, there were physical changes upon these lots by reason of alterations and additions to and completion of the improvements upon the lots. In the year 1926 the board of assessors and the board of review carried forward in their respective total assessed valuation columns the figures $6150 for each lot. Appellant's contention is that by reason of the judgment of the county court of Cook county with reference to the 1925 assessment, the assessment for the year 1926 over and above $13,000 assessed value on the improvements, and the taxes extended thereon, are void.

This case differs from *People* v. *Bender*, 330 Ill. 446, where the county court at its June term, 1926, sustained a tax-payer's objection to that part of the tax of 1925 based upon an increase of the assessment made by the board of review in that year, on the ground that the increase made by the board of review of the assessment made by the board of assessors on the improvements on the property from $60,000 full value to $95,000 full value without notice to the owner was void, and it was held by this court that the board of assessors having carried over and entered on the assessment roll in 1926 the void increased assessment as the assessment for 1926, the tax extended on the increased value was void. In the instant case there is no contention that the assessment made by the board of assessors in 1925 was void. The board of assessors of Cook county is a continuing body, which is required to keep its office open during business hours during the entire year, and it is required in each year, other than the year of the quadrennial assessment, to make and return a list of all new or added buildings, structures or other improvements of any kind the value of which shall not have been previously added to or included in the valuation upon the tract or lot upon which such improvements have been erected or placed, specifying the tract or lot upon which each of said improvements has

been erected or placed, the kind of improvements and the value which has been added to the tract by the erection thereof. Taxes, however, can only be levied upon the property as it existed on the first of April of that year. In 1925, improvements having been made upon the lots in question, the board of assessors fully complied with the requirements of the law and placed its valuation, as above stated, upon each of the four lots and upon the improvements upon each of the four lots. Appellant knew that the improvements had been made upon each of these lots and is presumed to have known that the law required the board of assessors to place its valuation upon the improvements on the lots. He did not appear to complain before the board of assessors or before the board of review, but in 1926, when application was made by the county collector for judgment against the lots for the delinquent taxes, filed an objection thereto. The nature of this objection is not shown by the evidence. It is not claimed here that the assessment was void. Neither does it appear that in the assessment roll of 1925 the improvements were over-valued by the board of assessors. The basis for the judgment of the county court in 1926 is not shown by the record nor is the judgment itself shown. The only information we have upon the subject is a stipulation stating that the court held that the improvements not having been completed by April 1, 1925, could not be made the basis of a tax levy for that year to a greater amount than $13,000 on the four lots. The county court recognized that the assessment on these four lots was not void by its holding.

Appellant bases his objection here solely upon the adjudication of the county court in 1926. Where a former adjudication is relied upon as an absolute bar, there must be, as between the actions, identity of parties, of subject matter and of cause of action. When a second action between the same parties is upon a different claim or demand, the judgment in the prior action operates as an estoppel only

as to those matters in issue or points controverted upon the determination of which the finding or verdict was rendered. Where some controlling fact or question material to the determination of both causes has been adjudicated in the former suit by a court of competent jurisdiction and the same fact or question is again at issue between the same parties, its adjudication in the first cause will, if properly presented, be conclusive of the same question in the later suit, irrespective of the question whether the cause of action is the same in both suits or not. This is sometimes denominated as an estoppel by verdict. To operate as an estoppel by verdict it is absolutely necessary that there shall have been a finding of a specific fact in the former judgment or record that is material and controlling in that cause and also material and controlling in the pending case. It must also conclusively appear that the matter of fact was so in issue that it was necessarily determined by the court rendering the judgment interposed as a bar by reason of such estoppel. If there is any uncertainty in the point that more than one distinct issue of fact was presented to the court the estoppel will not be applied, for the reason that the court may have decided the case upon one of the other issues of fact. (*Hoffman* v. *Hoffman,* 330 Ill. 413.) Here all three requirements of identity of parties, subject matter and cause of action do not exist. In the 1926 action the court was adjudicating upon an application for judgment based upon an assessment roll filed by the board of assessors with the board of review in 1925. In the instant case the application for judgment is based upon an assessment roll filed by the board of assessors with the board of review in 1926. It does not appear in this case what matters of fact were so in issue in the 1926 application as to be necessarily determined by the court rendering the judgment in that case. The only fact which appears to have been found in that case is that the improvements were not completed by April 1, 1925. It does not find that the assessment made by the

board of assessors in 1925 was void, nor does it find that the improvements upon each of these lots on April 1, 1925, were not of a value equal to that placed thereon by the board of assessors. The valuation placed by the board of assessors on these lots and the improvements thereon in 1925 was a separate valuation upon each one of these lots and not a valuation upon the four lots combined. The county court in 1926 did not specify as to any one of the four lots how much of the taxes on the $13,000 for the four lots should be levied upon a valuation of any one of the four lots. The county court did not make or pretend to make any change in the assessment of any one of these four lots. The constitution provides that the ascertainment of the values of property for the purpose of taxing shall be vested in such persons as are determined by the legislature and prohibits the fixing of such values by any other person. Courts have no power to fix the value of property for taxation. (*People* v. *Millard,* 307 Ill. 556.) In fixing the value of property for taxation the assessor acts judicially, and courts cannot revise his assessment on the mere ground of erroneous valuation. (*Keokuk and Hamilton Bridge Co.* v. *People,* 167 Ill. 15; *Same* v. *Same,* 161 id. 132; *Loewenthal* v. *People,* 192 id. 222.) On application for judgment against delinquent lands for taxes the court has no power to hear evidence and reduce the assessment for over-valuation. (*People* v. *Big Muddy Iron Co.* 89 Ill. 116.) It has been frequently declared by this court that it is the policy of our law that the whole matter of the valuation of property shall be committed to the control of the assessor, the board of review and the board of supervisors of the respective counties, and that a person aggrieved by an excessive valuation, fraudulently or otherwise made, should apply to the board of review for a correction of the assessment. In the absence of fraud these are the remedies which are available to the owner for an excessive assessment, and when they have not been availed of, courts

cannot give relief. (*People* v. *White & Co.* 286 Ill. 259.) While a court may defeat a fraudulent assessment it can not establish one in its stead. (*People* v. *Elmwood Cemetery Co.* 317 Ill. 547.) Where a bill in a court of equity to enjoin the collection of a tax alleges over-valuation of the complainant's property by the fraudulent act of the assessor the complainant must prove such over-valuation, and also that it was made by the assessor from some corrupt or illegal motive, or that the assessment is so grossly excessive as to amount to constructive fraud, and such proof must be clear and convincing; but before a court of equity will interfere to relieve against an excessive assessment fraudulently made, the tax-payer must show that he has been diligent in pursuing a remedy before the board of review to have such assessment corrected or that he was prevented from having the benefit of such legal remedy by fraud, accident or mistake, and even in such case a court of equity cannot make a just and equitable assessment and determine the amount of taxes ultimately to be paid. The county court in the cause of 1926 having no authority to reduce the assessed valuation of any one of the four lots in question, or of the four lots combined, and substitute in lieu thereof its own valuation, and so make a new assessment upon the four lots combined, and neither the issues in that cause nor the judgment thereon being in evidence in this case, the court will not presume that by its judgment in 1926 the county court attempted to make a new assessment of $13,000 upon the four lots combined. We are of the opinion that the doctrine of estoppel by verdict does not apply in this case.

There is no question in this case that the improvements on each lot were completed prior to April 1, 1926, and there is no question that the full valuation of such improvements on April 1, 1926, was at least $12,000 on each lot. There is no question of over-valuation in the case. In the year 1926 the board of assessors prepared in triplicate

three complete lists of the assessment of real estate in Cook county and certified the same to the board of review, and these lists were the only lists which the board of review had in 1926 for the basis of any action with reference to the assessment of real estate for 1926. These lists were not, with reference to these lots, copies of the assessment lists of 1925, but the lists in 1926 did not give the full value of each lot and the full value of the improvements separately, as did the lists of 1925, but gave the assessed valuation of both combined at $6150. Section 27 of the general Revenue act of 1898, as amended, provides that in counties having a board of assessors, the chief clerk, when requested, shall deliver to any person a copy of the description, schedule, return or statement of property assessed in his name or in which he is interested and the valuation placed thereon by the assessors or the board of review. Appellant is presumed to have known of this provision of the law, and he had notice that the assessed value of each of these lots was stated in each of the triplicate lists required to be made by the board of review in 1925 as $6150 for each lot. This list as returned by the board of review to the board of assessors in 1925 was the only official basis which the board of assessors had for the preparation of its 1926 assessment list. (*People* v. *Hammond,* 325 Ill. 83.) Appellant knew that improvements had been placed upon his property after April 1, 1925, and before April 1, 1926. He is presumed to have known that the law required the board of assessors to assess such improvements as of April 1, 1926. He is presumed to have known that the office of the board of assessors was open during the entire year, during business hours, to receive a complaint that his real property had not been assessed at its proper valuation. He did not appear before the board of assessors to complain of his assessment in 1926, nor did he complain thereof to the board of review in 1926. He makes no complaint now as to the correctness of the assessment of 1926. Sec-

476

tion 191 of the general Revenue law provides that no error or informality in the proceedings of any of the officers connected with the assessment, levying or collecting of the taxes, not affecting the substantial justice of the tax itself, shall vitiate or in any manner affect the tax or the assessment thereof. The valuation was made in 1926 by the board of assessors, which had authority at that time to make the assessment. The propriety of the valuation or the justice of the tax is not a question in this case. The process by which the assessment was entered in the tax list, alone, is questioned by reason of the value of the lots and the value of the improvements not being separately shown. These values having been separately shown in the assessment list of 1925, this objection does not affect the substantial justice of the tax itself, and hence does not vitiate or in any manner affect the tax or the assessment thereof.

The judgment of the county court of Cook county is affirmed.

*Judgment affirmed.*