(No. 21152

THE PEOPLE *ex rel.* Albert N. Nelson, County Collector, Appellant, *vs.* ZACH D. JENKINS *et al.* Receivers, Appellees.

*Opinion filed February 19, 1932.*

WILLIAM D. KNIGHT, State's Attorney, ALFRED B. LOUISON, and ROBERT E. NASH, for appellant.

LARGE & RENO, for appellees.

Mr. JUSTICE ORR delivered the opinion of the court:

This is an appeal from a judgment of the county court of Winnebago county sustaining objections to the application of the county collector for judgment against certain lots in Rockford for delinquent taxes, interest and costs due thereon for the year 1930, the lots in question being the property of and assessed to the Midway Hotel Company, a corporation. The application was made by the county collector pursuant to the provisions of sections 182 and 185 of the Revenue act of 1872 as amended by the act approved and in force May 5, 1931, (Laws of 1931, pp. 743-746,) and other provisions of the Revenue act as amended and in force at the time of such application.

The total amount of taxes for the year was $21,122.82, based upon an assessed valuation of $430,200 as equalized by the State Tax Commission, together with costs, and interest from May 1, 1931, amounting to $1056.15, making a total of taxes, interest and costs of $22,179.61 as of the date of application. Of this last named amount the sum of $11,868.53 was paid before judgment and objections were filed to the balance. The objections were filed by Zach D. Jenkins and O. P. Alford, who had been appointed receivers for the hotel company in a pending foreclosure proceeding. The objections alleged that the remainder of taxes objected to involved taxes on an assessment erroneously and illegally made for improvements, in the amount of $200,000 made and added to the lots as of between April 1, 1929, and April 1, 1930, whereas no additions or

alterations to the improvements on the lots were made between said dates. There is no dispute as to the correctness of the levies, the extension of the rate or as to the assessed value of the lots. Nor is it disputed that extensive improvements involving the construction of a modern hotel building covering the area of the lots were made prior to April 1, 1929. The only issue is whether the real estate assessment made as of April 1, 1930, for the current year should be sustained, if, as contended, no alterations or changes in the physical condition of the property took place within that year.

Laurence Kline, an engineer regularly employed at the hotel, was the only witness for the objectors. His testimony shows that the building was actually completed, with all fixtures installed, on April 1, 1929, but that the opening of the hotel was delayed after that date pending the arrival of carpets and the completion of some interior decorating and cleaning. He said the building was plastered and the plumbing and heating work completed at that time. His testimony that there was, in fact, no alteration in or additions to or improvements made upon the real estate after April 1, 1929, is not contradicted or denied. The testimony of the assessor is that he understood the building was in process of construction and was informed that it was not completed on April 1, therefore he only made a partial assessment. From his testimony it appears that he made no careful investigation of his own but relied largely upon what others told him. No other witnesses testified, and in this state of the record the contention that no alteration in or addition to the improvements on the real estate was made after April 1, 1929, is clearly sustained by the proof.

When the building was completed on April 1, 1929, there was nothing to put the owner on notice or guard that an additional assessment would be made on April 1, 1930, that not being a quadrennial year. The owner, there-

fore, had no occasion to appear before or complain to the board of review. It is stipulated in the record that the owner had no notice of such additional assessment of $200,000 made by the assessor on April 1, 1930. An owner is chargeable with notice of his personal property assessment but is not chargeable with notice of any change in real estate assessments except those made in a quadrennial year, or except where an improvement or alteration has, in fact, been made during the year. The assessment complained of, being without notice, is therefore without due process of law, since such notice is jurisdictional. After real property has been assessed and there has been no change in its physical condition, notice to the owner is jurisdictional and must precede a re-assessment of the same property in any intervening year. (*People* v. *Bender,* 330 Ill. 446; *People* v. *Sheridan-Brompton Corp.* 331 id. 495; *People* v. *Shortall,* 287 id. 150; *People* v. *St. Louis Bridge Co.* 268 id. 477.) Section 14 of the Revenue act of February 25, 1898, as amended, (Smith's Stat. 1931, chap. 120, par. 293,) in part provides: "The assessors shall not in any year, except the year of the quadrennial assessment, change the valuation of any real estate or improvements or the division thereof, except as above provided in this section."

It seems clear under the facts in this case that the assessor exceeded his statutory authority in making the additional assessment for the year 1930. In the case of real estate the general assessment stands during the quadrennial period between assessments, and the assessor has no jurisdiction to change an assessment in the intervening years where there has been no change in the physical condition of the property. *People* v. *Bender, supra.*

The judgment of the county court of Winnebago county was therefore correct and is affirmed.

*Judgment affirmed.*